In the Matter of the Application of SUPERIOR POLICE OFFICERS BENEVOLENT ASSOCIATION, INC., Petitioner, Appellant, for an Order Pursuant to Article 78 of the Civil Practice Act, against ROBERT L. HAMILL, as Mayor, DECOURCY L. HARD and Others, as Trustees of the Village of Lawrence, Constituting the Board of Trustees of the Village of Lawrence, and Others, Respondents, and POLICE OFFICERS' AND PATROLMEN'S ASSOCIATION OF NASSAU COUNTY, INC., Intervened Respondent.

Third Department, January 10, 1940.

*H. Eliot Kaplan* [*Samuel D. Smoleff* with him on the brief], for the appellant.

*Conklin & Bentley* [*Edward S. Bentley* of counsel], for the respondents Hamill and others.

*John J. Bennett, Jr., Attorney-General* [*Patrick H. Clune, Assistant Attorney-General,* of counsel], for the respondent State Civil Service Commission.

*James L. Dowsey, County Attorney, Nassau County* [*John J. Knob, Deputy County Attorney,* of counsel], for the respondents Abram W. Skidmore, commissioner of police, and others.

*Elvin N. Edwards* [*Harvey J. George* with him on the brief], for the intervened respondent.

BLISS, J. Petitioner, a membership corporation consisting of police officers of villages and other communities in the county of Nassau, seeks to compel the trustees of the village of Lawrence, Nassau county, to rescind a resolution in so far as it purports to abolish the police department of that village and direct the placing of certain former village police officers now members of the Nassau county police department, upon preferred civil service lists for appointment to positions of the rank formerly held by them in the police department of the village.

On December 13, 1938, the board of trustees of the village of Lawrence adopted a resolution, effective December 30, 1938, fixing the number of officers and patrolmen in the police department, as a result of which four officers were reduced in rank. At the same time it passed another resolution requesting that the territory of the village become a part of the county police district and the village police force be made a part of the police force of the county of Nassau with these four officers receiving in the county force their reduced village rank. The board of supervisors of the county, on December twenty-eighth, approved this request. Thus, pursuant to section 803 of the Nassau County Charter (Laws of 1936, chap. 879, as amd. by Laws of 1937, chap. 618), the village police department was merged with the county police department and the territory of the village became a part of the county police district.

It is urged that this was in effect an abolition of the village police department and that under section 188-a of the Village Law this could be accomplished only by the voters of the village adopting a proposition therefor at an election and not by the board of trustees. We do not so interpret these resolutions and the statutes authorizing them. This was a merger of the village police department into the county department and not an abolition of the village department. It was carried out under the authority of section 803 of the Nassau County Charter and section 188-a of the Village Law does not apply.

The petition also asks that the four officers who were reduced in rank be placed on a civil service preferred list for appointment in the county force to the ranks formerly held by them in the village department. The resolution of the board of supervisors granted the request for the merger subject to certification by the State Civil Service Commission of the reduced ranks and provided that after such certification these officers should become members of the county force as thus demoted. On December 31, 1938, they were so certified by the State Civil Service Commission to the board of supervisors. We find no statute which requires that they now be placed upon a county preferred list. They have left the village service, in which they would have been entitled to their preferences and are now in a new service, that of the county. Here they must be treated the same as all other county employees. Their village preference does not follow them into the county service. (*Matter of Nagelberg* v. *Finegan*, 267 N. Y. 632; *Matter of Canfield* v. *Greene*, 250 App. Div. 181.) There is nothing to the contrary in section 31 of the Civil Service Law.

The order should be affirmed without costs.

HILL, P. J., CRAPSER, HEFFERNAN and FOSTER, JJ., concur.

Order affirmed, without costs.