In the Matter of Émil T. Rinas et al., Constituting the Board of Water Commissioners of Roslyn Water District of the Town of North Hempstead, Nassau County, Petitioners, against Perry P. Duryea et al., Constituting the Water Power and Control Commission of the State of New York, et al., Respondents.

Third Department, June 29, 1951.

*Harry W. Moore* for petitioners.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General,* and *Edward L. Ryan* of counsel), for Water Power and Control Commission, respondent.

*J. Oakley McKnight,* for Incorporated Villages of East Hills and Old Westbury, respondents.

*Moore, Oppido* and *van Horne,* for Westgate Building Corp., and Westwood at Roslyn Section 3, Inc., respondents.

Deyo, J. The petitioning water district was established pursuant to the Town Law in 1910, at which time there were no incorporated villages within its confines, either in whole or in

part. As the population of the area grew, several villages were established wholly or partially within the territorial limits of the district. The Water District expanded and developed with the times and has and continues to supply water to the inhabitants of these villages within its confines, as well as those residing in the unincorporated areas. Among these villages is the Village of East Hills, incorporated in 1931, most of which lies within the territorial limits of the district. Embraced within the confines of both this village and the district, is an undeveloped area of some twenty-five acres, lying adjacent to the district's water mains and heretofore not serviced by it or by any other source of water supply. This area together with adjacent acreage lying within the village but outside the district, has been purchased by the corporate respondents which have, or are in the process of installing water mains to service the entire area, and which will ultimately be dedicated to the public for public use. The village has contracted with the neighboring village of Old Westbury, lying outside the district to supply water to the entire area, and pursuant to article XI of the Conservation Law, the Water Power and Control Commission has approved this source of water supply. This is the decision which the district seeks to review in this proceeding.

The district's basic contention is that it has a vested, superior and exclusive right to furnish all the water to be used within its territorial limits, whether within or without incorporated areas. Consequently, it is argued, any contract whereby water is to be brought into the district from any other source is void, and the approval of the commission of such source of supply is without legal warrant.

We cannot agree with this contention. The obvious statutory plan as created by the Legislature was that special districts, such as water districts, should render services to areas outside of incorporated villages (Town Law, § 190), and that the villages should render such services within their territorial limits. (Village Law, § 89.) We find no statutory authority granting a district any permanent vested right to serve its territory, nor on the other hand, do we find provision whereby a village is restricted in the extent to which it may render such services to its inhabitants. Where, as here, a village is carved out of territory embraced within a special district, it in effect ceases to be a part of such district, except as to rights and liabilities already created. (Village Law, § 34; *Village of Mill Neck v. Town of Oyster Bay*, 261 N. Y. 252.) Although the water dis-

trict may continue to function within that portion of the village which it was servicing prior to incorporation, it has no vested right to furnish water to other areas within the corporate limits previously undeveloped and unserved. As to those areas the village has full authority to contract for water where it sees fit, subject only to the approval of the Water Power and Control Commission. We find nothing improper in the determination of the commission granting its approval of the source of water supply in question.

The determination should be confirmed, without costs.

Foster, P. J., Brewster, Bergan and Coon, JJ., concur.

Determination confirmed, without costs. [See *post,* p. 1029.]