Dye, J.
Subdivision 1 of section 487-a of the Penal Law makes it a crime for an unauthorized person or agency to “ request, receive or accept any compensation * * # for placing out a child ”. “ Placing out ’ ’ is defined: “3. As used in this section the term placing out shall mean to arrange for the free care of a child in a family other than that of the child’s parent * * * for the purpose of adoption or for the purpose of providing care ” (emphasis supplied).
The Social Welfare Law, insofar as pertinent, is to the same effect. It defines the phrase “place out ” as meaning “to arrange for the free care of a child in a family other than that of the child’s parent * * * for the purpose of adoption or for the purpose of providing care ” (§ 371, subd. 12).
It is conceded that the children allegedly unlawfully ‘ ‘ placed out ” had already been legally adopted in Greece; a practice not offensive to the Federal Refugee Act of 1953 (U. S. Code, tit. 50, Appendix, § 1971c) and its 1957 successor (IT. S. Code, tit. 8, § 1205). The within alleged “ placing out ” occurred after the adopted children had arrived in New York and then immediately in the family of their adoptive parents and not, to use the statutory language, “in a family other than that of the child’s parent”. Such “ placing out ” was clearly not “for the purpose of providing care ”, as the adoptive parents were under a legal obligation to provide parental care; nor was it “ for the purpose of adoption ”, as that had already occurred. It is one thing to “ place out ” a child or children in a home for free board and care, or for the purpose of adoption, with a person or persons other than a child’s parent (Social Welfare Law, § 371, subd. 12), and quite another to place a child with persons who in contemplation of the law are parents.
It may well be that, had the Legislature envisioned a situation such as this, it would have been proscribed by appropriate lan *123 guage. However, since it is axiomatic that no act or omission is a crime except as prescribed by statute (Penal Law, § 22), which statutes the courts have constantly ruled 1 ‘ must be narrowly and strictly construed and in manner not to embrace cases which do not clearly fall within their terms ’ ’ (People v. Benc, 288 N. Y. 318, 323) for “Acts otherwise innocent and lawful do not become criminal unless there is a clear and positive expression of legislative intent to make them criminal ’ ’ (People v. Adamkiewicz, 298 N. Y. 176, 179), we agree with the courts below that the conduct complained of is not criminal within the meaning of section 487-a of the Penal Law and sections 371 and 389 of the Social Welfare Law.
We note that a contrary construction would taint the conduct of the parents with criminality, since the statute likewise makes it a crime to pay or give any compensation for placing out a child (Penal Law, § 487-a, subd. 2).
The orders appealed from should be affirmed.