## (February 9, 1966)

■ INCORPORATED VILLAGE OF ATLANTIC BEACH, Respondent, v. ABEL KIMMEL et al., Constituting the Board of Sanitary Commissioners, Sanitary District No. 14, Town of Hempstead, Appellants.— In an action for a declaratory judgment, defendants appeal from a judgment of the Supreme Court, Nassau County, entered November 18, 1965, after a nonjury trial, which: (1) adjudged that plaintiff village has the sole and exclusive power and jurisdiction to provide for the collection, removal and disposition of garbage, rubbish and refuse from land within the village; (2) restrained defendants from providing for such collection and disposition or for any other service within the village after January 1, 1966 and from causing any taxes or other expenses to be levied against real property within the village for such services; and

(3) adjudged that any contract executed by defendants for such collection or disposal from land within the village after January 1, 1966, shall not bind or affect real property within the village. Judgment affirmed, with costs. On June 9, 1931, Sanitary District No. 14, Town of Hempstead, was re-established with bounds which included all the land now within the corporate limits of plaintiff and other land in the Town of Hempstead. Prior to June 21, 1962, when plaintiff was incorporated, this Sanitary District had contracted with third parties for the collection, removal and disposition of garbage, rubbish and refuse within the district. The contract was scheduled to expire on December 31, 1965. The Sanitary District did not own property nor did it remove and dispose of garbage through its employees. It contracted with third parties for garbage collection and removal service. Plaintiff wished to undertake to provide for garbage removal within its limits after January 1, 1966 and insisted that any contract the Sanitary District might sign for the period after January 1, 1966 should exclude plaintiff. The issue is whether plaintiff or the Sanitary District had jurisdiction over garbage removal within the territorial limits of plaintiff after January 1, 1966. In our opinion, the Sanitary District had no vested permanent right to serve its territory. Plaintiff, upon its incorporation, had control and jurisdiction over garbage removal within its territorial limits after the expiration of the contract which then controlled garbage removal in the area of the village (cf. *Matter of Rinas* v. *Duryea,* 278 App. Div. 419, affd. 304 N. Y. 586; Village Law, § 89, subd. 25; §§ 3–358, 3–360, 3–354, 3–356). Beldock, P. J., Ughetta, Brennan, Hopkins and Benjamin, JJ., concur. [48 Misc 2d 193.]