█ INCORPORATED VILLAGE OF PORT JEFFERSON et al., Appellants, v. BOARD OF SUPERVISORS OF THE COUNTY OF SUFFOLK, Respondents. In the Matter of PAUL D. WILCOX, as Village Treasurer of the Incorporated Village of Port Jefferson, Appellant, v. COUNTY TREASURER OF THE COUNTY OF SUFFOLK, Respondent.— In an action for a declaratory judgment and other relief, and in a special proceeding to compel the Suffolk County Treasurer to perform certain duties allegedly required of him by section 34 of the Village Law, the plaintiffs in the action and the petitioner in the special proceeding appeal from separate judgments of the Supreme Court, Suffolk County, entered January 5, 1965, which, after a nonjury trial, dismissed the complaint and petition on the merits. Judgments affirmed, without costs. The basic relief sought by plaintiff village in this action and special proceeding is its withdrawal from the Suffolk County Police District in order to establish its own village police department. The County Police District was created pursuant to article XII of the Suffolk County Charter, which was enacted by the State Legislature in 1958 (L. 1958, ch. 278), adopted in that same year by a referendum vote of the electors of Suffolk County, and went into effect in January, 1960. At the time of such referendum, the electors of each of the town and villages of the County additionally voted on a separate proposition for the creation of a county police district and the transfer thereto of the police functions of said town or village. The creation of the County Police District was approved by the electorate and, by their votes on this proposition, the five western towns of the county, and several of the larger incorporated villages within them, elected to join the County Police District and to transfer their police functions to it. Among the towns so voting to join the County Police District was the Town of Brookhaven. At the time such election was made, plaintiff village had not yet been incorporated; its territory was then part of the unincorporated area of the Town of Brookhaven; and the residents of its territory voted as electors of the Town on the questions of adoption of the Charter and the transfer of the town's police functions to the County Police District. Section 1207 of the Charter provides, *inter alia,* that the election of any town or village to become part of the County Police District " shall be irrevocable." In 1963 (three years after the Town of Brookhaven joined the County Police District) plaintiff village was incorporated. Its electors thereafter voted to remain out of the County Police District and establish a Village Police Department, apparently on the assumption that the Village territory ceased to be part of the County Police District when the Village was incorporated. Defendant County Board of Supervisors opposed this determination by the village; and the County Police Department continued to operate within the Village. This action and special proceeding were then instituted. Plaintiffs' main contention is that sections 201 and 203 of the County Charter (which deal with the constitution and voting procedure of the Board of Supervisors) are invalid because they violate the one-man, one-vote principle; that the invalidity of these sections makes the whole Charter invalid, including article XII, under which the County Police District was created; that the invalidity of the entire Charter, including article XII, makes section 34 of the Village Law the controlling statute; and that pursuant to that section the village ceased to be a part of the County Police District when the village was incorporated. Alternatively, plaintiffs contend that even if the Charter is valid, its enactment and adoption did not modify said section 34 or make it inapplicable to plaintiff Village; and that even if the rest of the Charter is valid, article XII thereof (dealing with the County Police District) is unconstitutional for a variety of reasons, and that said section 34

consequently is controlling. On June 15, 1966 the statutory court, established to hear and determine Federal cases involving the one-man, one-vote question, ruled that section 203 of the Suffolk County Charter is invalid because it violates the one-man, one-vote principle; it directed that the County Board of Supervisors temporarily use a weighted system of voting; and it directed the Board of Supervisors to submit a plan for the reconstitution of itself or of another county legislative body, which could be submitted to the county's voters for approval as an amendment to the County Charter (see *Bianchi* v. *Griffing*, 256 F. Supp. 617). Considering the question pragmatically (*People ex rel. Alpha Portland Cement Co.* v. *Knapp*, 230 N. Y. 48, 60), and in light of all the circumstances of the enactment and adoption of the subject Charter by an overwhelming majority of the voters of the entire County (including its populous western half which contained more than 90% of the total County population and which, according to the *Bianchi* decision, was discriminated against by section 203), we believe the invalidity of section 203 does not require the striking down of the entire Charter, since we cannot say that the Charter would have been rejected had section 203 been exscinded and replaced by some other provision for a legislative body. Indeed, in view of the above-mentioned facts it well may be that the Charter would have been adopted by an even more overwhelming majority were section 203 not in it. In our opinion, then, the invalidity of section 203 does not invalidate the rest of the Charter. We see no merit in any of the attacks on article XII of the Charter on constitutional grounds. We believe that that article modified and superseded section 34 of the Village Law in the respects here relevant (see: section 103 of the Charter). Hence, when plaintiff Village was incorporated, its rights under section 34 were those given by that section *as modified by article XII of the Suffolk County Charter*. Article XII provides that the election of a town or village to join the County Police District is irrevocable. We construe that provision to mean only that there can be no *unilateral* secession of a town or village from the County Police District after it has elected to join it. So construed, we believe that provision is valid. When the Town of Brookhaven elected to join the County Police District, its election was binding upon the residents of all the Town's then unincorporated areas, including the area now included within plaintiff Village. By subsequently incorporating, the residents of the Village did not acquire the right to a second vote on the question whether they should join the County Police District. Such second vote would, if permitted, give them unequal and greater rights than the residents of any other towns and villages, who are bound by their original votes; and it would allow them to renege on a commitment made on behalf of all the residents of the Town of Brookhaven when the majority of those residents, including themselves, voted to join the County Police District. For all these reasons, we believe there is no merit in this action and special proceeding, and that the judgments dismissing them should be affirmed. Beldock, P. J., Ughetta, Brennan, Hopkins and Benjamin, JJ., concur.