Van Voorhis, J.
The defendants appeal, pursuant to leave granted by this court, from an order of the Appellate Division, Second Department, which unanimously affirmed a judgment of Supreme Court, Nassau County (Fabley, J.), declaring that the plaintiff village, on and after January 1, 1966, has the sole and exclusive power and jurisdiction to provide for the collection, removal and disposition of garbage, rubbish and refuse from land within the village, restraining the defendants as Sanitary District Commissioners from providing for such collection and disposition or for any other services within the village after January 1, 1966, and declaring that any contract executed on behalf of the sanitary district for such collection and disposition after January 1, 1966 shall not bind or affect real property within the village.
When the plaintiff village was incorporated in June, 1962, the defendant sanitary district, which included all the land within the corporate limits of the village and other land in the Town of Hempstead, had contracts with third parties for garbage collection. These were followed by others which were scheduled to expire on December 31, 1965. Plaintiff wished to provide for garbage collection within its limits after December 31, 1965; and insisted that any contract the sanitary district might sign for the period after that date should exclude plaintiff.
In this action for declaratory judgment, Special Term held that the village was empowered to render garbage disposal service within its territorial limits and to contract for such service, and that, upon incorporation of the village, there was a diminution of the sanitary district; that judgment should be granted in favor of the plaintiff as demanded in the complaint.
The Appellate Division held that the sanitary district had no vested permanent right to serve its territory; that plaintiff, upon its incorporation, had control and jurisdiction over garbage removal within its territorial limits after the expiration of the contract which then controlled garbage removal in the area of the village.
*488 Tlie defendants argue that the district was not automatically diminished merely by reason of the incorporation of the village in 1962, that the incorporated area remains a part of the town service district until eliminated by affirmative action of the Town Board under section 202-c of the Town Law.
Except where constitutional provisions are controlling, the powers of municipal corporations are such as are provided by the statutes under which they are constituted (Wells v. Town of Salina, 119 N. Y. 280). Here the relationships between the Village of Atlantic Beach and Sanitary District No. 14, Town of Hempstead, involve no obligations under municipal bonds or certificates of indebtedness, no contract rights nor property interests. Therefore, no constitutional questions are involved (Village of Kensington v. Town of North Hempstead, 261 N. Y. 260). The outcome of the appeal depends entirely upon statutory construction of the applicable provisions in the Town Law and in the Village Law. As frequently happens in municipal legislation, sections of these chapters of the Consolidated Laws were enacted or amended with specific situations in mind, resulting in separate provisions .relating to the same subject which are not always entirely consistent. Thus, for example, section 202-c of the Town Law furnishes a procedure for the dissolution or diminution of special districts, expressly including such as have been included, subsequent to their formation, within a village incorporated after the formation of - the district. The same subject is covered differently by section 3-356 of the Village Law. Both of these sections, and other sections about to be cited, have intricate legislative histories which are not easily unraveled. Decisions by the courts need to be interpreted in the light of the statutes in force when the cases were decided. Although not all of these cases were decided under the legislation controlling this village and town sanitary district on January 1, 1966, as of which date the disputed contract in question was made, they set forth underlying public policy and are helpful in reconciling conflicting statutory provisions. Two of these decisions were announced upon the same day (Village of Mill Neck v. Town of Oyster Bay, 261 N. Y. 252; Village of Kensington v. Town of North Hempstead, 261 N. Y. 260, supra). The Mill Neele case applied sections 34 and 35 of the Village Law, now numbered 3-358 and 3-360. These sections, now in force, are the principal *489 basis for the judgment now under review. The Mill Neck case involved a water district created by former section 285 of the Town Law, within whose territory three villages were afterwards incorporated. The action was brought to compel the commissioners of the water district to apportion to the villages the properties of the water district respectively situated therein. The water district was a single going concern, having wells, pumps, mains and other accessories penetrating all parts of the district. It was held that these properties could not be partitioned between the district and the villages, but that undivided property interests therein should be assigned to the villages in proportion to the assessed valuations. The result was to continue the water district in operation within these villages and the rest of its territory, but subject to the assignment of undivided property interests in its assets to the villages. Judges Ceane and Lehman dissented, being of the opinion that title to all of its facilities remained in the water district as well as control over its operation.
Within the park district in the Kensington case a village was afterwards incorporated. Action was brought by the village to restrain the assessment, levy or collection of taxes upon properties within the village for expenses of the park district, except to cover the proportionate liability of such properties on account of bonded indebtedness incurred for the park district prior to the incorporation of the village. The complaint was dismissed upon the ground that the territory taken over by the village did not cease to constitute a part of the park district. Sections 34 and 35 of the Village Law had been enacted at the time of the decision, but were not considered since they were not regarded as retroactive to 1921 when the Village of Kensington was incorporated.
A third decision of importance is Matter of Rinas v. Duryea (278 App. Div. 419, affd. without opn. 304 N. Y. 586). Again a water district was involved. The appeal was from a final order in an article 78 proceeding which confirmed a decision of the Water Power and Control Commission approving the application and plans of the Village of Bast Hills to take a new and additional source of water supply under the Conservation Law. There, too, the village was incorporated after the formation of the water district. A 25-acre undeveloped area, lying within *490 the confines of the village and within the boundaries of the water district but not previously serviced by it or from any other source of water supply, was under development. The village contracted for a source of supply outside of the water district, to which the district objected. It was held that the water district might continue to function within that portion of the village which it was servicing prior to incorporation, but that it had no vested right to furnish water to other areas within the corporate limits previously undeveloped and unserved.
Practical difficulties are likely to be encountered in the case of sewer, water or other improvement districts which by their nature are required to function as units, if their operation is dislocated by fragmenting portions of the system which afterward become included in villages. It is manifest that not all town improvement districts under all circumstances are to be abolished automatically to the extent that parts of them are included within the boundaries of subsequently incorporated villages. Nevertheless the Appellate Division in the Rinas case expressed the general legislative policy by stating (p. 420): ‘ ‘ The obvious statutory plan as created by the Legislature was that special districts, such as water districts, should render sendees to areas outside of incorporated villages (Town Law, § 190), and that the villages should render such services within their territorial limits. (Village Law, § 89.) We find no statutory authority granting a district any permanent vested right to serve its territory, nor on the other hand, do we find provision whereby a village is restricted in the extent to which it may render such services to its inhabitants.”
In the case at bar Special Term accurately pointed out (48 Misc 2d 193, 199): “In the instant case, however, we do not have the problems of a division of physical assets which faced the courts in the Mill Neele and the Rinas cases. Here, the sanitary district has no tangible property or fixed assets which would be affected in any way.”
Section 89 (subd. 25) of the Village Law empowers villages to render garbage disposal service within their territorial limits and to contract for such services, and no reason exists here on account of which the exercise of this power need be thwarted within the village limits on account of a shown necessity to operate the district as a unit or by reason of outstanding indebt *491 edness or oilier contract obligation for which the district is primarily liable, or indivisible property essential to its functioning which cannot be partitioned.
That section 202-c of the Town Law was not designed to be the exclusive method of discontinuing or reducing the size of a special improvement district created under the Town Law is indicated by section 3-354 of the Village Law which states, in so many words, that this result may also occur by “ operation of law ’
Sections 34 and 35 of the Village Law (now §§ 3-358 and 3-360) have been correctly construed as leading to this conclusion. These sections provide that so much of the territory of a special district as is included within the boundaries of a village “ shall not be relieved from bearing its proportionate share of any liability or indebtedness incurred for such special district purposes while such territory was a part of such special district ” (former § 34) and that in such event the ratable “ proportion of the bonded debt incurred by the town and payable by a tax against the property within a special district, for whose benefit the bonds were issued which shall be assumed by the village and the apportionment of personal and real property belonging to the special district shall be determined according to the relative assessed valuation” (former § 35).
Even though section 3-354 of the Village Law, as it presently exists, providing for the termination or continuance of certain town and district services in districts partially located in newly incorporated villages, contains a final paragraph (enacted by L. 1964, ch. 756, § 11) stating “ nothing contained in this section shall be deemed to cause or require the abolition or diminution of such a town improvement district ” and, notwithstanding the 1965 amendment (L. 1965, ch. 141) to section 202-c of the Town Law by adding a reference to villages incorporated prior to April 1, 1965 (which is said to form a nexus with the revised Village Law, § 3-356), it is plain from this congeries of enactments— and notwithstanding them — that the intention of the Legislature was to exclude town special districts from villages (except under special circumstances) insofar as practicable, in order to give greater scope to the exercise of powers by the village authorities.
*492 The order appealed from should he affirmed, with costs.
Chief Judge Desmond and Judges Fuld, Burke, Scileppi, Bergan and Keating concur.
Order affirmed.