HON. ROBERT F. KELLY Chairman New York State Commission on Cable Television
I acknowledge receipt of your opinion request submitted by Acting Counsel Thomas E. Ryan, stating that in a town in which a cable television franchise has been granted, a portion of the town thereafter was incorporated as a village; the area so incorporated is part of the town area served by the cable television service under the franchise; the franchise provides for the payment of a fee to the town by the holder of the franchise in an amount equal to 2% of the annual revenues from subscribers to the service. My opinion is requested:
 1. Whether the franchise awarded by the town prior to the incorporation of the village continues in effect within the area of the village, without change or alteration;
 2. Whether the fee payable by the holder of the franchise to the town may, upon demand by the village and insofar as it derives from patrons of the service within the village, be payable to the village instead of the town; and
 3. Whether the village may demand payment from the town of that portion of the fee represented by the number of users of the service resident within the village.
The problem was presented to you by the village attorney of such a newly created village, because of the function of the Commission on Cable Television which was created by Executive Law Article 28 (§§ 811-831).
I find no specific statutory guide which will serve to answer the request, such as can be found in Town Law § 202-c and Village Law §§ 2-250 through 2-258, relating to special districts created under the Town Law when a part of the town containing all or a part of a special district is thereafter incorporated as a village. A cable television franchise is not a special district created under the Town Law but even with respect to those districts, and despite the statutory guidance, the resolution of such problems is not always simple, as is indicated byIncorporated Village of Atlantic Beach v. Kimmel, 18 N.Y.2d 485
(1966), in which the Court carefully pointed out that there were no obligations, contracts, property interests or constitutional questions involved and that contracts which might lead to these considerations had expired at a time subsequent to the incorporation of the village and that the determination was prospective in application and did not in any way affect existing rights.
Somewhat more enlightening is Incorporated Village of PortJefferson v. Board of Supervisors of Suffolk County,44 Misc.2d 1083, aff'd. with mem. op. 26 A.D.2d 700, aff'd. w/o op.21 N.Y.2d 663, appeal dismissed for want of a federal question390 U.S. 597 (1966). The case held that subsequent incorporation of villages in a town did not recreate a right or function for the village previously relinguished by the town.
Braffett v. Brooklyn Q.C. and S.R. Co., 204 N.Y. 440 (1912), was a case in which the plaintiff sought to recover a penalty granted by the Railroad Law for violation of the obligation to carry passengers for a single fare upon a railroad "wholly within the limits of any one incorporated city or village." Originally the lines of the consolidated railroad companies extended through several municipalities under conditions which entitled the railroad to charge more than a single fare. The question involved in the case was whether the railroad lost that right by the consolidation of the municipalities into one city. The Court determined that the original franchise right continued despite the merger of municipalities. In Hogan v. Long Island RailroadCo., 206 N.Y. 440 (1912), a slightly different factual picture was involved. There, a right to collect a penalty when a passenger purchased a ticket on the train when the ticket could have been purchased at the railroad station, was at issue. The statute prohibited such a penalty where the passage was wholly within the limits of any incorporated city in the State. The passage in question was entirely within New York City but, at the time the charge was originally authorized by statute and franchise, one of the stations was in New York City and the other in a different municipality. A subsequent merger of municipalities occurred so that both stations were within New York City. The Court held, at page 448:
 "* * * Before the consolidation the defendant had the conceded right to collect the excess charge of ten cents from a cash passenger under the circumstances which characterized the transaction with the plaintiff. Under the decision in the Braffett case that right remains unaffected by the creation of the greater city."
Long Island Lighting Co. v. Village of Old Brookville,72 N.Y.S.2d 718, aff'd. w/o op. 273 App. Div. 856, motion for reargument denied 273 App. Div. 910, aff'd. w/o op. 298 N.Y. 569
(1947), dealt with a franchise to furnish electric current issued by a town in which, subsequent to the granting of the franchise, a village was incorporated which included area in which the franchise holder was already furnishing electric current. The Court held that the village had no right by zoning ordinance to prohibit the maintenance of power lines within the village.
People ex rel. Woodhaven Gas Co. v. Deehan, 153 N.Y. 528
(1897), held that the change from town to village government did not change the rights of a franchise holder, which could not be divested of the franchise or of its property except for cause and by legal process, and that the village could not lawfully refuse to permit the franchise holder to exercise a right which had been expressly granted to it by the town under the sanction of law.
See, also, to the same effect, Mayor, etc. of Baltimore v.Baltimore County Water and Electric Co., 52 Atlantic 670 (1902), and City of Jamestown v. Pennsylvania Gas Co.,1 Fed. 2d 871 (1924).
It is my opinion that the granting of the cable television franchise has created vested rights and obligations and these cannot be altered by the incorporation of a village within part of the area covered by the franchise: consequently, that
 1. The franchise continues in effect within the area of the village without change or alteration;
 2. The village is not entitled to receive any fee from the holder of the franchise for the exercise of the franchise right granted by the town; and
 3. The village is not entitled to demand from the town and to receive any portion of the fee received or receivable by the town from the holder of the franchise.
The conclusions reached in this opinion would not restrain the Commission from adopting rules or regulations applicable to new or renewed franchises which would take subsequent village incorporation into consideration, nor do they prevent the village and town from agreeing to divide fees in return for the village providing any required services under the franchise within the village.