■ COUNTY OF NASSAU et al., Respondents, v INCORPORATED VILLAGE OF WOODSBURGH et al., Appellants, and FERNE M. STECKLER et al., Intervenors-Appellants. — In an action to permanently enjoin defendants from employing "village constables" to perform police functions, and for damages pursuant to subdivision 2 of section 102 of the Civil Service Law, defendants and intervenors separately appeal from a judgment of the Supreme Court, Nassau County (Spatt, J.), entered April 9, 1981, which, *inter alia,* granted a permanent injunction. Judgment affirmed, without costs or disbursements. At issue here is whether a village which has elected to become part of the Nassau County police district may employ its own "village constables". The Village Law does not provide for the office of "village constable". However, pursuant to article 8 of the Village Law, an incorporated village may, by resolution, establish a police department, whose members "shall have all the powers and be subject to the duties and liabilities of constables of towns" (see Village Law, §§ 8-800, 8-802). But pursuant to section 803 of the Nassau County Charter, an incorporated village in Nassau County may elect to become part of the Nassau County police district, whereupon "the police force of such * * * village * * * shall become members of the police force of the county". On July 1, 1937 the Village of Woodsburgh elected to become part of the Nassau County police district. At that juncture, the village's police department was merged with the county police department (see *Matter of Superior Police Officers Benevolent Assn. v Hamill,* 13 NYS2d 348, affd 258 App Div 354). However, in 1976 the village trustees concluded that the services provided by the county police were inadequate, and passed the following resolution: "RESOLVED, that the Board of Trustees shall have the authority to appoint such personnel as, in its discretion may be required, to issue summonses and citations for violations of local laws and ordinances of Village of Woodsburgh. This position shall be called 'Constable'". Thereafter, the village employed certain personnel as "constables" or "police officer-part time" or "deputy constables". In 1978 the village trustees superseded that resolution with a local law creating a "Village Constables Department". The village has not elected to withdraw from the Nassau County police district pursuant to section 803 of the Nassau County Charter. Therefore, its resolution to merge its police department with the county police department is still in effect. Implicit in this merger is a proscription against maintaining separate police departments. Thus, the Village of Woodsburgh, so long as it remains part of the Nassau County police district, may not employ "village constables" to augment the services provided by the Nassau County Police. Section 803 of the Nassau County Charter, as so interpreted, does not violate the State Constitution (see art IX, § 1, subd [h], par [1]; art III, § 17; *Matter of Cutler v Herman,* 3 NY2d 334, 339). At the time that the Nassau County Charter was enacted (see L 1936, ch 879), section 26 of article III of the former State Constitution provided that the Legislature "shall provide by law for the organization and government of counties and shall provide by law

alternative forms of government for counties * * * Any such form of government may provide for * * * the transfer of any or all of the functions and duties of the county and the cities, towns, villages, districts and other units of governments contained in such county to each other or to the state, and for the abolition of offices, departments, agencies or units of government when all of their functions are so transferred without regard to * * * *any other provisions of this constitution inconsistent herewith*" (emphasis supplied). Accordingly section 803 of the Nassau County Charter, insofar as it permits the transfer of functions from villages to the county, does not violate the State Constitution (see *Incorporated Vil. of Atlantic Beach v Town of Hempstead,* 27 AD2d 556, affd 19 NY2d 929). Mollen, P. J., Titone, O'Connor and Thompson, JJ., concur. [109 Misc 2d 299.]