■ COUNTY OF NASSAU et al., Respondents, v INCORPORATED VILLAGE OF WOODSBURGH et al., Appellants and FERNE M. STECKLER et al., Intervenors-Appellants. — In an action to permanently enjoin defendants from employing "village constables" to perform police functions, and for damages pursuant to subdivision 2 of section 102 of the Civil Service Law, defendants and intervenors separately appeal from a judgment of the Supreme Court, Nassau County (Spatt, J.), entered April 9, 1981, which, *inter alia,* granted a permanent injunction. By order dated February 16, 1982, this court affirmed the judgment from which the appeal was taken (*County of Nassau v Incorporated Vil. of Woodsburgh,* 86 AD2d 856). On March 4, 1982, the court granted reargument and held in abeyance, pending reargument, that branch of appellants' motion which was for leave to appeal to the Court of Appeals. Upon reargument, we adhere to our original determination and grant that branch of the motion which was for leave to appeal. Questions of law have arisen which ought to be reviewed by the Court of Appeals. The following question is certified: "Was the order of this court properly made?" The issue in this case is whether the Village of Woodsburgh, which had elected to become part of the Nassau County police district, was entitled to employ its own "village constables". In our initial determination, we held that the village was not so entitled because it had not elected to withdraw from the Nassau County police district pursuant to the provisions of section 803 of the Nassau County Charter which, we found, contained an implicit proscription against maintaining separate police departments. Upon reargument, the village complains that, notwithstanding our determination on the direct appeal, the county has taken the position that the village may neither maintain its own police force nor unilaterally withdraw from the Nassau County police district pursuant to the provisions of section 803 of the Nassau County Charter. The county confirms that it has taken that position based upon its interpretation of our prior determination and upon its

reading of relevant statutes. Accordingly, we have granted reargument in order to clarify our holding in the matter. Section 803, as amended by section 22 of chapter 618 of the Laws of 1937, provides in pertinent part: "Any city may by ordinance, and any village or police district not a part of the county police district at the date on which this act becomes effective in the county may by resolution of its board of trustees or other governing body, request that the territory of such city, village or police district become a part of the county police district on the first day of January next succeeding the effective date of such ordinance or resolution and that its police force be made part of the county police force." Section 803 became effective on January 1, 1938. Some six months earlier, on June 23, 1937, the Board of Trustees of the Incorporated Village of Woodsburgh passed a resolution which stated in pertinent part: "RESOLVED, that the Board of Supervisors of the County of Nassau be and they hereby are requested and petitioned to include the territory of the Incorporated Village of Woodsburgh within the Fourth Precinct of the Nassau County Police District and to annex said Village to such Precinct District * * * To effect the inclusion of said Village within such Precinct District and to provide police protection for said Village as of July 1, 1937; and To transfer to the Nassau County Police Force [two named patrolmen] who constitute the police force now employed by said Village." Although the Nassau County Charter went into effect on January 1, 1938, it was passed by the Legislature, approved by the Governor, and approved by the electorate of Nassau County in 1936. The evidence strongly suggests that, in 1937, when the village enacted its resolution electing to become part of the Nassau County police district, it did so in contemplation of and in the belief that it was acting pursuant to section 803 of the Nassau County Charter. The village resolution called for the merger of the village police into the county police and, in fact, such a merger was effected. Indeed, the merger was acquiesced in by both parties and has continued without objection for over 40 years. Significantly, section 803 of the Nassau County Charter provided the only method by which the village could have had its police department merged into the county police as a concomitant of its inclusion within the Nassau County police district (cf. Administrative Code of the County of Nassau, § 8-18.0, subd 2). Accordingly, we conclude that the Village of Woodsburgh became part of the county police district by virtue of a resolution passed in contemplation of and pursuant to section 803 of the Nassau County Charter and that, therefore, section 803 applies in all respects. Thus, the village may not maintain its own police force unless and until it elects to withdraw from the Nassau County police district pursuant to the provisions of section 803. Should the village elect to withdraw from the district pursuant to that section, it may then establish its own police force. Mollen, P. J., Titone, O'Connor and Thompson, JJ., concur.