Ralph A. Nappi, Esq. Attorney, Port Washington Police District
You have asked whether the Port Washington Police District is authorized to provide police protection to areas located outside the district. Specifically, you inquire whether the district can provide police protection to an incorporated village that is presently policed by the Nassau County Police Department and to another incorporated village that has its own police force.
Under Article 5-G of the General Municipal Law, municipal corporations and districts may agree by contract to perform services jointly or have one or more municipalities or districts perform services for the others (General Municipal Law, § 119-o[1]). The term district, for purposes of these contracts, means: "a county or town improvement district for which the county or town or towns in which such district is located is or are required to pledge its or their faith and credit for the payment of the principal of and interest on all indebtedness to be contracted for the purposes of such district." (Id., § 119-n[b].)
In a previous opinion of this office we traced the history of the Port Washington Police District and concluded that it may be referred to either as a special district or an improvement district (1980 Op Atty Gen 131). Section 312(4) of the Nassau County Civil Divisions Act authorizes the financing of certain expenditures of the police district "in accordance with and pursuant to the provisions of the local finance law". This subdivision was added by chapter 328 of the Laws of 1955. While it does not specify whether the financing is by the district or by the town on behalf of the district, we believe it is clearly the latter. Under the Local Finance Law only a municipality, school district or district corporation has the power to contract indebtedness (§ 10.00). A district corporation is defined to include: (a) a fire district; (b) a river improvement, river regulating or drainage district established by or under the supervision of the Department of Conservation; or "(c) Any other territorial division of the state, other than a municipality or a school district, which as of December thirty-first, nineteen hundred thirty-eight, possessed the power to
"1. Contract indebtedness in its own name, and
 "2. Levy taxes or benefit assessments upon real estate or require the levy of such taxes or assessments" (id., § 2.00[3]).
Paragraph (c) above implements New York Constitution, Article VIII, § 3, which prohibits the establishment of corporations possessing the power to contract indebtedness and to levy or require the levy of taxes or benefit assessments. The provision further states that:
 "nothing herein shall prevent the creation of improvement districts in counties and towns, provided that the county or town or towns in which such districts are located shall pledge its or their faith and credit for the payment of the principal of an interest on all indebtedness to be contracted for the purpose of such districts * * *."
The Port Washington Police District is not authorized to levy or require the levy of taxes or benefit assessments (Nassau County Civil Divisions Act, § 317). Taxes are levied by the Town of North Hempstead for those district expenditures that are approved by the town (ibid.). It was not until 1955 that section 312(4) of the Nassau County Civil Divisions Act was adopted. Thus, we believe that section 312(4) authorizes the contracting of debt for district purposes provided the town pledges its full faith and credit for the payment of principal and interest on the debt. We conclude that the Port Washington Police District is a "district" as defined by section 119-n(b) of the General Municipal Law, and therefore may participate in municipal cooperation agreements.
Each of the participants in a muncipal cooperation agreement must have the authority independently to perform the joint service (General Municipal Law, §§ 119-n[c], 119-o[1]). Villages are authorized to establish their own police departments (Village Law, § 8-800). Since both a village and the Port Washington Police District are authorized to perform law enforcement services, they may cooperatively perform these services under Article 5-G of the General Municipal Law. We see no reason why a village with a police force may not supplement its police protection by contract with your district. The village may desire to replace its police force with services provided by contract with your district.
You have also asked whether the district may provide police coverage to an incorporated village that is presently policed by the Nassau County Police Department. We believe that a village under contract for police protection, in the absence of an inconsistent contractual provision, may contract with the district for additional protection. We note that inCounty of Nassau v Incorporated Village of Woodsburgh, 86 A.D.2d 856 (2d Dept, 1982), app withdrawn 57 N.Y.2d 675 (1982), the Appellate Division decided that since, under the provisions of the Nassau County Charter, the village had transferred the police function to the county police department, the village could not maintain its own police department while such transfer remained in effect. It is implicit in this decision that once the police function has been transferred in accordance with the Nassau County Charter and while the transfer remains in effect, the municipality transferring the function has given up the authority to perform the function itself. Thus, in this situation such a municipality could not enter into a municipal cooperation agreement for police services (General Municipal Law, §§ 119-n[c], 119-o[1]).
We note that normally a village police officer is limited by the geographical area of his employment in executing an arrest warrant, making an arrest without a warrant for a petty offense and in issuing an appearance ticket for a petty offense (Criminal Procedure Law, §§1.20[34-a], 120.50, 140.10 and 150.20; 1980 Op Atty Gen [Inf] 187, 190). However, a municipal cooperation agreement under Article 5-G of the General Municipal Law includes the extension of appropriate territorial jurisdiction for the joint undertaking (§ 119-n[c]).
We conclude that the Port Washington Police District may enter into a municipal cooperation agreement to perform police services for a village located outside the police district unless the village, in accordance with the Nassau County Charter, has transferred the police function to the Nassau County Police Department.