Ralph A. Nappi, Esq. Port Washington Police District
You ask whether the Village of Manorhaven has an absolute right to become part of the Port Washington Police District ("District"), since its territory prior to incorporation was included in the District.
In 1980 Op Atty Gen (Inf) 131, copy enclosed, we traced the history of police districts. We noted that section 319 of Article 14-A of the former Town Law (Town Law of 1909), adopted by chapter 233 of the Laws of 1920, was the initial authority for towns to establish police districts. It authorized certain towns to establish and define the bounds of police districts in such towns "outside of any incorporated village". In 1921, and under the authority of former section 319, the Town of North Hempstead established the Port Washington Police District, In our 1980 opinion, we also pointed out that subsequent revisions of the Town Law omitted town authority to establish police districts and merely continued the existing districts established under chapter 233 (see, L 1932, ch 634; L 1934, ch 845). The Nassau County Civil Divisions Act was then enacted as chapter 273 of the Laws of 1939. The Act continued the District (id., § 305.0) but also contained no authority for the establishment of new districts or the extension of district lines. As a result, there is at present no authority to establish police districts or extend district lines.
At the time of its formation, the Port Washington Police District included territory which is now the Village of Manorhaven but which was, at that time, part of the unincorporated area of the town. In 1930, the village was incorporated and established its own police force. In 1933, and under the provisions of the Nassau County Charter, the village transferred the police function to the Nassau County Police District. Since the village's incorporation, the Port Washington Police District has not provided any police protection for the village, nor collected any tax revenue from the village for police services. We understand that the village is now considering withdrawing from the Nassau County Police District and obtaining police protection from the Port Washington Police District, but the District may be unwilling to provide such protection to the village. Thus, the question has been raised whether the village has an absolute right to become part of the District, since its territory prior to incorporation was a part of the District.
We think it is clear that the village's incorporation and provision of police services within its boundaries resulted in the diminution of the District to the extent of the incorporated village (see, IncorporatedVillage of Atlantic Beach v Kimmel, 18 N.Y.2d 485 [1966]; Rinas vDuryea, 278 App. Div. 419, affd without opinion 304 N.Y. 586 [1952]). That is, upon incorporation and the establishment of village police services, that portion of the District within the village ceased to exist (ibid.). Although not all improvement or special districts are diminished automatically by the incorporation of a village, we think that in this case, where the village was authorized to provide police protection within its boundaries (see, former section 188-a of the Village Law of 1909) and has in fact provided that service independent of the District since 1930, there can be no question that the District was diminished by incorporation (see, Incorporated Village of Atlantic Beach v Kimmel,supra; Rinas v Dureya, supra). This is further supported by the fact that the District has not assessed village property since incorporation (ibid.).
Having concluded that the territory of the village, after incorporation, no longer was a part of the District, we believe that section 319.0 of the Nassau County Civil Divisions Act is dispositive of your inquiry. It provides that the commissioners of the District, in their discretion, may authorize the provision of police protection by the District at the request of and to any village, the territory of which was originally within the boundaries of the District (Nassau County Civil Divisions Act, § 319.0[a]). Where police protection has been authorized, the total expense of such service is to be assessed upon and collected from village property in the same manner as if the village was a portion of the police district (id., § 319.0[b]).
Section 319.0 governs precisely the factual situation at hand, that is, a village whose territory prior to incorporation was included within the District that desires to receive police protection from the District subsequent to incorporation. It is clear from the language of that section that the furnishing of police protection to such a village is entirely discretionary with the District. This leads us to the conclusion that the village has no absolute right to become a part of the District.
We conclude that the Village of Manorhaven, the territory of which prior to incorporation was included within the Port Washington Police District, has no absolute right to become a part of, or receive police protection from the District. The provision of service is discretionary with the District.