■ Incorporated Village of Old Field, Respondent, v Peter Cosgrove et al., Appellants. [664 NYS2d 468] —In an action, *inter alia,* for a judgment declaring the "Constabulary" of the Village of Old Field "to be a duly authorized law enforcement agency with all of the powers and authority conferred thereon", the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Hall, J.), dated August 30, 1996, as denied that branch of their motion which was to dismiss that cause of action which sought the above declaration based on the doctrine of equitable estoppel.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the Constabulary of the Village of Old Field is not a duly authorized law enforcement agency.

In the 1958 general election, the voters of the Village of Old Field (hereinafter the Village) elected to join the Suffolk County Police District. In the present action against Suffolk County and various officials and agencies thereof (hereinafter the County), the Village seeks a judgment declaring that its "Constabulary" is a "duly authorized law enforcement agency with all of the powers and authority conferred thereon".

The Supreme Court dismissed the second through fifth causes of action in the complaint, but held, *inter alia,* that insofar as the complaint asserted a cause of action based on the doctrine of equitable estoppel, it could withstand the County's motion to dismiss.

We disagree.

The law is well settled that the election by the Village to join the Suffolk County Police District is "irrevocable" (*see,* Suffolk County Charter § 1207; *Incorporated Vil. of Port Jefferson v Board of Supervisors,* 44 Misc 2d 1083, *affd* 26 AD2d 700, *affd* 21 NY2d 663; *see also, County of Nassau v Incorporated Vil. of Woodsburgh,* 109 Misc 2d 299, *affd* 86 AD2d 856, *affd* 58 NY2d 996). Under these circumstances, the Village's submissions are insufficient to invoke the doctrine of equitable estoppel against the County (*see, La Porto v Village of Philmont,* 39 NY2d 7; *Matter of Parkview Assocs. v City of New York,* 71 NY2d 274; *Matter of New York State Med. Transporters Assn. v Perales,* 77 NY2d 126; *Doctors Council v New York City Employees' Retirement Sys.,* 127 AD2d 380, *revd on other grounds* 71 NY2d 669).

Accordingly, the order is reversed insofar as appealed from and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the Constabulary of the Village of Old Field is not a duly authorized law enforcement agency (*see, Lanza v Wagner,* 11 NY2d 317, 334, *cert denied* 371 US 901). Copertino, J. P., Friedmann, Krausman and Goldstein, JJ., concur.