GEORGE S. ABELL, Appellant, *v.* JOHN H. CLARKSON, President of the Village of Cornwall, et al., Respondents.

Villages — Cornwall (village of) — proceedings instituted to annex adjoining territory to village — action to test validity of proceedings as defective — act of legislature, passed while action was pending, providing that territory in question should be included in the village and ratifying the proceedings — such act contravenes New York State Constitution and is, therefore, invalid.

The Constitution of the state of New York provides (Art. 3, § 18) that the legislature shall not pass any private or local bill " incorporating villages," but shall pass general laws providing therefor. In accordance therewith the Village Law (Cons. Laws, ch. 64) was enacted and fixed the method for their incorporation, the powers and duties of the village and its officers, making provision for the territory to be included in the village and for later action extending its boundaries. This act forms the charter of villages organized under it. Where, therefore, a village organized under the Village Law attempted to annex some neighboring territory and the proceedings were defective and an action was brought to test their validity and, while the action was pending, the legislature passed an act which provided that the territory in question should be included in the village and ratifying the proceedings already taken to that end, such act was in effect an amendment, by a special act, of the charter of the village and is, therefore, unconstitutional.

*Abell* v. *Clarkson*, 206 App. Div. 172, reversed.

(Argued October 22, 1923; decided November 20, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 26, 1923, in favor of defendants upon submission of a controversy under section 546 of the Civil Practice Act.

*Henry Hirschberg* for appellant. Chapter 20 of the Laws of 1923 violates section 18 of article 3 of the New York State Constitution. (*People* v. *Albertson,* 55 N. Y.

50; *Town of Longview* v. *City of Crawfordsville,* 164 Ind. 117; *City of Wyandotte* v. *Wood,* 5 Kans. 603; *Matter of Extension Boundaries Denver,* 18 Colo. 288; *State* v. *New Whatcom,* 3 Wash. 7; *State* v. *City of Des Moines,* 96 Iowa, 521; *State* v. *City of Cincinnati,* 20 Ohio St. 18; *Gray* v. *Crockett,* 30 Kans. 138; *Reed* v. *Schmit,* 39 Hun, 223.)

*Graham Witschief* for respondents. This act does not violate section 18 of article 3 of the Constitution of the state of New York. (*Sweet* v. *City of Syracuse,* 129 N. Y. 316; *People ex rel.* v. *Angle,* 109 N. Y. 567; *People ex rel. Cotte* v. *Gilbert,* 226 N. Y. 103; *Hollister* v. *City of Rochester,* 41 Misc. Rep. 559; 96 App. Div. 501; 180 N. Y. 518; *Reed* v. *Schmit,* 39 Hun, 223; *Chandler* v. *City of Boston,* 112 Mass. 200.)

ANDREWS, J. The village of Cornwall attempted to annex some neighboring territory. The proceedings taken were defective and an action was brought to test their validity. The legislature while this action was pending and in 1923 passed an act which provided that the territory in question should be included in the village and ratified the proceedings already taken to that end. The plaintiff then began a taxpayer's action, claiming the act was unconstitutional. The controversy was submitted to the Appellate Division upon an agreed statement of facts. In that court judgment was rendered for the defendants.

Section 18 of article 3 of the Constitution provides that the legislature shall not pass any private or local bill "incorporating villages" but shall pass general laws providing therefor. Accordingly the Village Law was enacted. (Laws of 1909, chapter 64.) It fixed the method for their incorporation and detailed the powers and duties of the village and its officers. Among other matters provision was made for the territory to be included in the village (Sec. 32), and for later action extending its

boundaries. (Sec. 348.) This act formed the charter of all villages organized under it, as was the village of Cornwall.

Should a strict construction be given to the Constitution all that was forbidden was the original incorporation of a village by a special act — not the subsequent alteration of its charter. In like manner section 1 of article 8 might be held to apply only to the original creation of corporations. To do so, however, would destroy the entire meaning and spirit of these provisions. The intent obviously was to provide a uniform charter for villages. If the day after a village is incorporated the legislature may under the guise of an amendment alter its charter by a special act this purpose is frustrated. The prohibition must in reason cover not only the original incorporation but the subsequent existence of villages. Their charter may not be amended by special laws. That is what was done in the case before us. Chapter 20 of the Laws of 1923 is in effect an amendment by a special act of section 348 of the charter of the village of Cornwall. We hold it, therefore, to be unconstitutional.

As bearing upon the practical construction given to this constitutional provision by the legislature various acts are called to our attention passed between 1903 and 1922 changing the boundaries of certain villages. In all these acts, however, with two exceptions, the villages referred to were incorporated by special acts passed before the constitutional provision took effect. In the two remaining cases the acts of the legislature were not called to the attention of the courts.

The judgment appealed from must be reversed and judgment directed for the plaintiff in accordance with the terms of the submission, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MC-LAUGHLIN and CRANE, JJ., concur.

Judgment accordingly.