THE JARL COMPANY, Plaintiff, *v.* THE VILLAGE OF CROTON-ON HUDSON, and Its Trustees, Defendants (and Seventeen Other Similar Actions).*

Supreme Court, Westchester County, September 1, 1932.

*Affd., 238 App. Div. 865; affd., 262 N. Y. 551. See, also, 148 Misc. 150.

*Larkin, Andrews & McNaughton,* for the plaintiff.

*Herman Tocker, Oscar Gruber* and *Thomas George Barnes,* for various other plaintiffs.

*Edgar A. B. Spencer*[ *William J. Wallin* and *Maurice Iserman* of counsel], for the defendants.

WITSCHIEF, J. It is claimed on behalf of the plaintiffs that, in the disposition made of these cases, the court overlooked the application of section 2 of the Village Law and failed to apply the provisions of that section to section 348 of the Village Law.

Section 2 of the Village Law provides that a territory not exceeding three square miles or conforming to the boundaries of a water district, lighting, fire or school district, or an entire town, or two school districts containing in each case a population not less than 250 and not including a part of a city or village may be incorporated as a village under this chapter.

Before annexation the village of Croton-on-Hudson had an area of approximately one and two-tenths square miles. After annexation the area of the village exceeded four miles.

The plaintiffs' claim is that section 2 of the Village Law must be read in connection with section 348, and when so read prohibits the annexation of territory to an existing village if the effect is to extend the boundaries of the village beyond the area of three square miles, unless the case is brought within one of the other provisions of section 2 of the Village Law.

It is undisputed that the village of Croton-on-Hudson, including the annexed territory, does not conform to the boundaries of a water district, lighting, fire or school district, or an entire town or two school districts.

The plaintiff refers to *Abell* v. *Clarkson* (237 N. Y. 85, 87) as authority for the proposition that the prohibition of the State Constitution against special acts incorporating villages applies to a special act enlarging an existing village by annexation.

And the plaintiff's claim is that the annexation of territory to an existing village is the equivalent of an original incorporation of a village.

But the *Abell* case is to be distinguished from these cases, in that there was a constitutional provision involved in the *Abell* case, which was binding upon the Legislature as well as upon the courts. The Legislature could not nullify the constitutional provision, but the Legislature may enact a law which is inconsistent with an existing statute. What the Legislature has done it may undo.

If there were a constitutional provision prohibiting the incorporation of a village having an area of more than three square miles, the authority of the *Abell* case would probably be controlling in these cases.

But it is permissible for the Legislature to provide for the incorporation of villages having an area not in excess of three square miles, at the same time providing for the enlargement of such villages by annexation of additional territory.

The question now presented is: Did the Legislature by its enactment of section 2 of the Village Law indicate its intention that no village should ever have an area in excess of three square miles?

A statute should be so construed that one of its provisions will not nullify another. (*Richards* v. *Scharmann*, 97 Misc. 143.)

The cardinal rule in the interpretation of statutes is to give effect to the intention of the legislative body which enacted them, even though the letter of the statute may appear to be contrary to such intent. (*People ex rel. Scharff* v. *Frost*, 198 N. Y. 110; *Travis* v. *American Cities Co.*, 192 App. Div. 16.)

All parts of a statute are to be construed together, and harmonized if possible, to give effect to every part thereof. (*Painter* v. *Town Board of Oyster Bay*, 230 App. Div. 281.)

Absolute, unqualified effect should not be given to a single section of a statute, however plain it may be standing alone, if there are other provisions inconsistent with such an interpretation. (*People ex rel. Mason* v. *McClave*, 99 N. Y. 83.)

It will be noted that section 2 of the Village Law does not limit the territory to three square miles if the territory conforms with boundaries of certain districts or towns.

There is nothing in section 348 which limits the territory which may be annexed to an adjoining village, and there are other provisions of the Village Law (§§ 348-a, 348-b and 352, all applicable to the enlargement of village boundaries), in none of which is any limitation placed upon the territory of the new village. It is

a fact, of which judicial notice may be taken, that many towns and school districts exceed three square miles in area, yet an entire town, or an entire school district, may be incorporated as a village under section 2 of the Village Law. It is, therefore, impossible to find that the intent of the Legislature is to limit villages in area, except on original incorporation. If the Legislature desired to limit the area which might be added to a village by annexation, it would have been a simple matter for it to do so. Its failure to place any limit in the various sections of the Village Law which relate to enlarging the boundaries of villages and to consolidating existing villages is a negation of such an intent.

In connection with the submission of briefs upon this question, counsel for the defendants have submitted unverified questionnaires propounded to the various villages in the State which it is claimed show a practical construction of the provisions of the Village Law contrary to that asserted by counsel for the plaintiffs.

These unverified questionnaires cannot be considered in the disposition of the cases and have not been considered.

It follows that, upon consideration of the further points raised by the plaintiffs, the original disposition made of these cases must be adhered to (148 Misc. 150).