Cyprian W. Magrum, a Taxpayer of the Village of Williamsville, New York, Suing on Behalf of Himself and Other Taxpayers in Said Village, Similarly Situated, Plaintiff, *v.* Village of Williamsville and Others, Defendants.

Fourth Department, March 21, 1934.

*Charles A. Hahl,* for the plaintiff.

*Philip J. Snyder,* for the defendants.

*Oscar F. Georgi,* for Frederick D. Folsom and John Hauenstein, taxpayers, etc.

Per Curiam. The act (Laws of 1933, chap. 601) is unconstitutional for two reasons: *First,* the act is a local act and its title gives no intimation of the creation of an obligation on the part of the village to repay money that was collected for taxes duly levied and assessed under the General Village Law. (N. Y. Const. art. 3, § 16; *Parfitt* v. *Furguson,* 159 N. Y. 111; *Economic P. & C. Co.* v. *City of Buffalo,* 195 id. 286; *Willis* v. *City of Rochester,* 219 id. 427; *Matter of Dean,* 230 id. 1; *Gaynor* v. *Village of Port Chester,* 231 id. 451.) *Second,* the act is in contravention of article 3, section 18, of the Constitution, which forbids the passage of a local bill incorporating a village. The defendant village was incorporated under the General Village Law, which became its charter, and an act amending its charter falls under the same condemnation as one granting a charter. (*Abell* v. *Clarkson,* 237 N. Y. 85.) The amendment to the charter in the cited case brought into the village new territory not previously subject to the old charter; so in the instant case the amendment

imposed an obligation on the village not previously existing in favor of taxpayers who under the old charter had no claim thereto.

All concur, except EDGCOMB, J., not voting.

Controversy determined in favor of the plaintiff, with costs, declaring the statute in question unconstitutional and granting an injunction as demanded in the stipulation, with costs to plaintiff.