■ In the Matter of CHARLES S. CUTLER, Petitioner, against HAROLD P. HERMAN et al., Constituting the Town Board of the Town of Hempstead, Nassau County, Respondents, and LONG ISLAND WATER CORPORATION et al., Intervenors-Respondents.— This proceeding, brought pursuant to article 78 of the Civil Practice Act to review a determination of the Town Board of the Town of Hempstead, Nassau County, which denied an application for the consent by the Town Board to a petition for the annexation of certain territory therein described to the Incorporated Village of Rockville Centre, and to direct the members of the Town Board to execute their consent to said petition, as required by section 348 of the Village Law, has been transferred to this court (Civ. Prac. Act, § 1296). Determination annulled, without costs, and respondents directed to execute their consent to the petition within 30 days after the entry of the order hereon. The Town Board stated, as grounds for its determination, that it did not appear that the petition was signed by a majority of the persons residing in the territory sought to be annexed and qualified to vote for town officers, or that it was signed by the owners of a majority in value of the property within the territory assessed upon the last preceding assessment roll, or that it substantially complied in form or content with the provisions of section 348 of the Village Law. We find in the record no basis for such determination and are of the opinion that it was sufficiently established that the signers of the petition were properly qualified and sufficient in number and

with respect to ownership of property within the territory, as required by the statute. The Town Board, purporting to act pursuant to section 202-c of the Town Law, further stated, as grounds of its refusal, that there are unexpired contracts in force and effect to accomplish the purpose of the South Hempstead Lighting District and Town of Hempstead Refuse Disposal District, and that there is indebtedness of the latter district outstanding and unpaid, incurred to accomplish the purposes of the district. The board asserts in its answer that the territory sought to be annexed is included in, and is a part of, both districts. We find no authority in the statute invoked for the refusal by the board of its consent to the petition for annexation. Section 202-c of the Town Law relates to proceedings on application to the Town Board for the dissolution, or diminution in area, of the special districts therein referred to, and has no relation to proceedings for the annexation of territory to villages as provided in section 348 of the Village Law, over which the town authorities are given no control, except as provided in the Village Law. If it be assumed that the annexation of territory within the special districts will diminish the area of the districts (cf., however, *Village of Kensington* v. *Town of North Hempstead,* 261 N. Y. 260), such annexation does not affect rights and liabilities theretofore created (cf. *Matter of Rinas* v. *Duryea,* 278 App. Div. 419, 420; *Huffmire* v. *City of Brooklyn,* 162 N. Y. 584, 587; *Village of Kensington* v. *Town of North Hempstead, supra*). On an application for a consent to annexation of territory to a village, pursuant to section 348 of the Village Law, the Town Board merely performs the ministerial function of determining whether the petition complies with the statute, and is confined, in the performance of that function, to a consideration of the objections specified therein (*Matter of Wright* v. *Ransom,* 307 N. Y. 317). Neither may the determination made by the Town Board be sustained under chapter 818 of the Laws of 1954, which purports to give to the Town Boards in Nassau County power to determine whether the annexation of town territory to villages is in the public interest, and to deny approval to applications for such annexation, unless they so find. In the first place, no such determination was made in this case. In any event, it is our opinion that chapter 818 of the Laws of 1954 is unconstitutional, as violative of section 17 of article III of the New York State Constitution, which prohibits the passage by the Legislature of private or local bills " Incorporating villages ". The Village Law fixes the method of incorporating villages, details the powers and duties of their officers, and makes provision for territory to be included in villages and for action extending their boundaries. That act furnishes the charter of the Incorporated Village of Rockville Centre, which may not be amended by special laws (*Abell* v. *Clarkson,* 237 N. Y. 85; *Magrum* v. *Village of Williamsville,* 241 App. Div. 55). While conditions such as obtain in Nassau County may provide a reasonable and proper basis for classification by standards of State-wide application to all such localities, the statute in question is confined in its operation to the villages in Nassau County, and can not affect villages in any other part of the State which are, or which in the future may be, similarly situated (cf. *Stapleton* v. *Pinckney,* 293 N. Y. 330; *Matter of Henneberger,* 155 N. Y. 420; *People* v. *Petrea,* 92 N. Y. 128). It is not asserted that the bill was recommended to the Legislature by commissioners or any public agency, as provided in section 21 of article III of the State Constitution. Nolan, P. J., Wenzel, Hallinan and Kleinfeld, JJ., concur; Beldock, J., dissents and votes to confirm the determination, with the following memorandum: Chapter 818 of the Laws of 1954, effective April 19, 1954 provides in effect that, unless the Town Board finds that an annexation such as here involved is in the public interest, it may not execute its consent to such annexation. Yet the majority directs the Town Board to execute its consent

784

without making such a finding, on the ground that the statute is unconstitutional as violative of section 17 of article III of the State Constitution. In my opinion, the statute is constitutional. It is neither a local law (*Farrington v. Pinckney*, 1 N Y 2d 74), nor a law "Incorporating Villages" (N. Y. Const., art. III, § 17).