Froessel, J.
In this article 78 proceeding, petitioner seeks to compel the Town Board of the Town of Hempstead to execute its consent to a petition for the annexation of certain territory to the Village of Rockville Centre, Nassau County, in accordance with section 348 of the Village Law. We agree with the Appellate Division that there is no basis in the record for the board’s determination that the petition failed to comply with the provisions of the statute. The signatures by the majority of the registered voters and by the owners of a majority in value of the real property of the territory, as assessed upon the last preceding regular assessment roll, and the verification of the petition constituted such compliance. The board should have performed “ the ministerial function of determining whether the petition complies with the statute ” (Matter of Wright v. Ransom, 307 N. Y. 317, 321).
Nor does section 202-c of the Town Law, relating to the dissolution or diminution of special purpose districts by a town board, present any obstacle to the annexation. A proceeding under section 348 is entirely unrelated to one under section 202-c. Moreover, the consent of the town board to a petition for annexation is not the diminution by the board of any district located within the territory to be annexed. Such consent does not accomplish an annexation; this may only be done by the village board.
Since the board’s determination, however, the Legislature, on April 19, 1954, enacted chapter 818 of the Laws of 1954 amending the Nassau County Civil Divisions Act (adding § 255.20) by which it attempted to supersede section 348 of the Village Law. That statute is the law now applicable to this proceeding (Knapp v. Fasbender, 1 N Y 2d 212, 219; Black Riv. Regulating Dist. v. Adirondack League Club, 307 N. Y. 475, 486-487). It is urged, however, that it is unconstitutional as violative of section 17 of article III of the New York State Constitution prohibiting the enactment of “ a private or local bill * * * Incorporating villages ’ ’.
It is well settled that a statute need not apply to all persons or places in the State in order to be deemed general in nature ; it may be limited in its application according to specified conditions which are common to a class and reasonably related to the subject matter (Farrington v. Pinckney, 1 N Y 2d 74; Matter of McAneny v. Board of Estimate, 232 N. Y. 377; Admiral *339 Realty Co. v. City of New York, 206 N. Y. 110). The statute in the present case, however, does not even purport to be general but is expressly limited to Nassau County. No classification is attempted other than on the basis of that locality, which is just what the Constitution prohibits (see Stapleton v. Pinckney, 293 N. Y. 330; Matter of Mayor of City of New York [Elm St.], 246 N. Y. 72; Matter of Henneberger, 155 N. Y. 420).
The constitutional prohibition against local laws ‘1 Incorporating villages ”, we have held, was intended to “ cover not only the original incorporation but the subsequent existence of villages ” (Abell v. Clarkson, 237 N. Y. 85, 87). In that case, we concluded that the Village Law formed the charter of all villages organized under it, and that the constitutional purpose was to provide a uniform charter for all such villages which, at least in its basic provisions, should not be amended by local law (see, also, Magrum v. Village of Williamsville, 241 App. Div. 55). The problem was not considered in City of New York v. Village of Lawrence (250 N. Y. 429). Specifically, Abell held that section 348 of the Village Law was such a provision of the village charter as may not be altered by local law. That is precisely what the Legislature attempted to do in enacting chapter 818 of the Laws of 1954, and it is in violation of the Constitution.
Accordingly, the order appealed from should be affirmed, with costs.
Conway, Ch. J., Desmond, Dye, Fuld, Van Voorhis and Burke, JJ., concur.
Order affirmed.