Burton I. Koffman et al., Respondents, *v.* Town of Vestal et al., Appellants.

Third Department, May 24, 1965.

*Phillip G. Billings* for appellants.

*Levene, Gouldin & Thompson* (*Samuel K. Levene* of counsel), for respondents.

*Per Curiam.* This is an appeal from an order and judgment of the Supreme Court, Broome County, declaring section 1504 (D) of the Town of Vestal Zoning Ordinance unconstitutional and void on its face, and as applied to the property of respondents.

Section 1504 (D) of the Town of Vestal Zoning Ordinance, enacted on April 10, 1963, reads in pertinent part as follows: " Only one ground sign shall be allowed for each property owner within a Commercial Development District ". The respondents are owners of a parcel of land zoned commercial with a 600-foot frontage on Route 17 on the Vestal Parkway. On this parcel are two attached business buildings, one of which is leased to Weston's Shopper City, Inc., and the other used by respondents. Because Weston's already has a ground sign, respondents were refused permission to erect one, despite the fact that the proposed sign would have been 275 feet east of the existing Weston's sign. The court below found section 1504 (D) unconstitutional on the grounds that the use of ownership as the basis for allocating signs " rather than circumstances and conditions existing " was not reasonable.

It is, of course, clear that the Town of Vestal could, as an exercise of police power " For the purpose of promoting the health, safety, morals or general welfare of the community ", regulate and restrict the erection of signs such as are here involved (*City of Rochester* v. *West,* 164 N. Y. 510; see, also, *New York State Thruway Auth.* v. *Ashley Motor Ct.,* 12 A D 2d 223, affd. 10 N Y 2d 151; *Perlmutter* v. *Greene,* 259 N. Y. 327). An owner of property has the right only to the reasonable use

thereof (*Matter of Wulfsohn* v. *Burden*, 241 N. Y. 288) and no vested right to be seen from the highway (*New York State Thruway Auth.* v. *Ashley Motor Ct., supra*). On the other hand it is equally clear that such regulations and restrictions must be reasonable in light of the facts established in the particular case (9 N. Y. Jur., Constitutional Law, §§ 176–178; see *Town of Somers* v. *Camarco*, 308 N. Y. 537, 540–541). Therefore we have the following questions. Is there a substantial relation between the purport behind enacting section 1504 (D) and the use of ownership as a test (9 N. Y. Jur., Constitutional Law, § 176) and is the limitation to ownership reasonable in light of the public necessity involved (*Matter of Rudack* v. *Valentine*, 163 Misc. 326, affd. 274 N. Y. 615)? In determining these questions we must only evaluate the reasonableness of the test used in the ordinance in question and not whether some other test might be as reasonable or even more reasonable (8 N. Y. Jur., Constitutional Law, § 72), and the fact that as a result of the ordinance some landowners are more favored than others is irrelevant if the ordinance is reasonable (8 N. Y. Jur., Constitutional Law, § 74; see *Matter of Watson*, 226 N. Y. 384). Also we cannot lose sight of the strong presumption in favor of constitutionality (*Wiggins* v. *Town of Somers*, 4 N Y 2d 215; 8 N. Y. Jur., Constitutional Law, §§ 59–60). The question then is not whether " ownership " is a reasonable basis for allocating signs but whether it is, in fact, unreasonable. The main arguments advanced that ownership is unreasonable are that an owner of a one-mile strip of frontage and the owner of but 30 feet would each be entitled to one sign and that the ordinance could be easily subverted by simply dividing legal ownership. These considerations, however, indicate only that there could be, perhaps, a better scheme devised for allocating signs which could have been chosen by the Town Board but do not establish that ownership is an unreasonable test. It can just as well be urged that ownership permits all owners including the small frontage owner to have a sign and yet prevents the large frontage owner from erecting a myriad of signs to the public detriment. We cannot find that section 1504 (D) is unreasonable and thus unconstitutional.

The order and judgment should be reversed, on the law and the facts, and complaint dismissed.

Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.

Order and judgment reversed, on the law and the facts, and complaint dismissed, with costs to appellants.