■ INCORPORATED VILLAGE OF ATLANTIC BEACH, Respondent, v. TOWN OF HEMPSTEAD, Appellant.— In an action for a declaratory judgment and related injunctive relief, defendant Town of Hempstead appeals from so much of an order and judgment (one paper) of the Supreme Court, Nassau County, dated July 8, 1965, which granted plaintiff's motion for summary judgment, denied defendant's cross motion for the same relief, made declarations in plaintiff's favor and granted an injunction against defendant. Order and judgment reversed insofar as appealed from, with $10 costs and disbursements; defendant's cross motion for summary judgment as to the relief requested in its counterclaim granted; and action remitted to the Special Term for the making and entry of a declaratory judgment consistent herewith. In substance, the relief sought by the plaintiff village in this action, and granted it by the order and judgment appealed from, is a declaration that its Board of Trustees alone has authority to regulate the zoning of real property within the limits of the village and an injunction restraining the board of the defendant town from continuing to exercise such power and from levying taxes upon real property situated within the limits of the village for expenses incurred in connection therewith. Section 175 of the Village Law grants to the board of trustees of a village power to regulate zoning within the village's incorporated area. Section 261 of the Town Law grants a like power to town boards, but expressly provides that "such [zoning] regulations shall apply to and affect only such part of a town as is outside the limits of any incorporated village or city". However, on January 1, 1938, following its adoption by the electorate of Nassau County at the general election of 1936, the Alternative County Government Law embodied in chapter 879 of the Laws of 1936 became effective in Nassau County. Pursuant to section 1606 of that law, which is now more commonly referred to as the "Nassau County Charter", existing legislation conferring the power to regulate zoning respectively upon towns, villages and cities and the officers, boards and commissions thereof was to remain in force in the towns, villages and cities of the county. Section 1607 of the charter, however, provided, insofar as is pertinent, that zoning powers then or thereafter conferred by law upon any town, or board or commission thereof, would continue to be "exclusively exercised thereby [i.e., by the town authority] within all portions of such town unincorporated as a village at the date on which this act becomes effective in the county, irrespective of the inclusion thereof in a village erected or incorporated after such date". Finally, section 2605 of the charter provided that, upon its adoption by a county, its terms were to be effective therein, "anything in any general law of this state passed prior to such adoption to the contrary notwithstanding." On and prior to January 1, 1938, and until June 21, 1962, the date of the plaintiff village's incorporation, the area now embraced within the corporate limits of the plaintiff village was a part of the unincorporated area of the defendant town. The effect, therefore, of the provisions of the charter referred to *supra* is to deny to the plaintiff village's trustees the power to regulate zoning matters within its limits, a power the trustees would otherwise exercise by force of section 175 of the Village Law, and to authorize the board of trustees of the defendant town to continue exercising such power notwithstanding the village's

incorporation, a power that would otherwise be denied it by force of section 261 of the Town Law. The learned court at Special Term has held, however, that sections 1606 and 1607 of the charter are invalid because, when enacted, they fell within the ban of that portion of then section 18 of article III, (present art. III, § 17) of the Constitution of the State of New York, prohibiting the Legislature from enacting a private or local bill "Incorporating villages." We do not agree. While it has been held that the constitutional prohibition relied upon by the Special Term applies not only to the original incorporation of a village but to any *subsequent* alteration or amendment of its charter by special or local act (*Matter of Cutler* v. *Herman,* 3 N Y 2d 334; *Abell* v. *Clarkson,* 237 N. Y. 85), it is our opinion that it has no application to the situation presented in the case at bar. The legislation under attack herein was enacted long before the incorporation of the plaintiff Village. That legislation, therefore, neither created the village nor affected its charter, which was not then in existence. In our view, when the plaintiff village was thereafter incorporated, its charter was the Village Law (*Abell* v. *Clarkson, supra*) as modified by the pertinent sections of the "Nassau County Charter" (*Incorporated Vil. of Port Jefferson* v. *Board of Supervisors,* 26 A D 2d 700). Furthermore, section 26 of article III of the former State Constitution, in effect when, and pursuant to which, chapter 879 of the Laws of 1936 was enacted, directed that the Legislature "shall provide by law for the organization and government of counties and shall provide by law alternative forms of government for counties" and expressly provided: "Any such [alternative] form of government may provide for ＊ ＊ ＊ the transfer of any or all of the fuctions and duties of the county and the cities, towns, villages, districts and other units of government contained in such county to each other ＊ ＊ ＊ without regard to ＊ ＊ ＊ *any other provision of this constitution inconsistent herewith*" (emphasis supplied). We, therefore, see no merit in the plaintiff village's attack on sections 1606 and 1607 of the charter on constitutional grounds. Taking this view, we find it unnecessry to examine the other conclusion reached by the Special Term, that is, that the Alternative County Government Law embodied in chapter 879 of the Laws of 1936 is a "local" rather than "general" law. We merely note that this same law was, shortly after its enactment and prior to its adoption by the electorate of Nassau County, held to be a general law in an opinion at Special Term (*Matter of Burke* v. *Krug,* 161 Misc. 688) which was unanimously affirmed by the Court of Appeals without opinion (272 N. Y. 575). Ughetta, Acting P. J., Christ and Benjamin, JJ., concur; Hill and Rabin, JJ., dissent and vote to affirm the order and judgment on the opinion below (47 Misc 2d 29).