Frank X. Altimari, J.
This is in action for a declaratory judgment which involves the question of the validity of Ordinance No. 28 of the Incorporated Village of Atlantic Beach. The proceeding herein was generated by the respondent’s prosecution of the petitioner, Miles Garnett, for an alleged violation of the ordinance. During the pendency of the instant action, Mr. Garnett was convicted of the violation. He has prosecuted an appeal from the judgment of the Village Justice Court of Atlantic Beach, and a determination thereof is pending.
In addition to a declaration of the invalidity of Ordinance No. 28, petitioners seek judgment prohibiting the respondent from enforcing the ordinance, collecting fees thereunder, and remitting the fee heretofore paid by petitioner to respondent under the ordinance. Although, petitioner also sought an injunction prohibiting the further prosecution for violation of the ordinance, the prosecution was completed and the aforementioned appeal from the judgment against petitioner is pending. The separate proceeding renders such prayer for relief academic.
*461 The cause herein was submitted on an agreed statement of facts.
Petitioners maintain that the decision of Incorporated Vil. of Atlantic Beach v Town of Hempstead (27 AD2d 556, affd 19 NY2d 929) and sections 1606 and 1607 of the Nassau County Government Law (Nassau County Charter, L 1936, ch 879), established that respondents lack the power to enact legislation which regulates zoning matters. Accordingly, petitioners claim that Ordinance No. 28 is unenforcible because it purports to exercise zoning power.
The respondent agrees that it is devoid of capacity to enter the field of zoning regulation. However, it contends that Ordinance No. 28 is not an unauthorized attempt to adopt a zoning measure. Rather, it asserts, the subject ordinance is sanctioned under the authority conferred by the Village Law to exercise "police” power. (Village Law, § 4-412.)
The crux of the issue is whether or not Ordinance No. 28 is a legitimate exercise of police power or an unauthorized zoning regulation.
Ordinance No. 28 affects the construction of outdoor residential swimming pools. Today, such leisure time structures are not unique. Private swimming pools are commonplace and have been the subject of much controversy and public control. (See Corter v Zoning Bd. of Appeals, 46 AD2d 184; Anderson, New York Zoning Law and Practice, [2d ed], vol 1, § 11.05.)
Scrutiny of Ordinance No. 28 reveals that its major thrust relates to zoning matters. It is stated in section 2 therein that the board of trustees shall issue no permit unless the pool will not be detrimental to the general character of the district or to the orderly development of the village. Such declaration is, by its very nature, a zoning criteria.
Sections 5 and 6 contain rear yard, set-back requirements, and fix the maximum percentage of lot area the pool may occupy. Such restrictions reveal strong indications that the ordinance is directed at zoning rather than "police” power.
The distinction between these patently zoning aspects of the ordinance and its requirements with respect to fencing, lighting, screening and drainage is best illustrated by an examination of the Village Law.
Generally, the police power of a village is found in section 4-412 of the Village Law. Such power is described as "the protection of its property, the safety, health, comfort, and *462 general welfare of its inhabitants, the protection of their property, the preservation of peace and good order”.
Section 7-700 of the Village Law delineates the zoning powers of a village. It provides in part: "For the purpose of promoting the health, safety, morals or the general welfare of the community the Board of Trustees of the Village is hereby empowered * * * to regulate and restrict the height, number of stories and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts and other open spaces, the density of population, and the location and use of buildings, structures and land for trade, industry, residence or other purposes.”
Hence, the zoning power encompassed a broad spectrum of regulatory action. Such action is primarily concerned with the orderly, comprehensive planning and development of communities and the use of land therein. Police power is more specific. Fire, sanitation, police, traffic and other similar proper controls are concerns of the police power. There is no question that the separate functions of police power and zoning power often overlap. However, in the instant case Ordinance No. 28 is essentially a zoning rather than a regulatory enactment because it clearly and primarily regulates land use.
For the reasons set forth herein, this court concludes that Ordinance No. 28 of the Incorporated Village of Atlantic Beach is invalid and unenforcible.
Consequently, the petitioners are entitled to a judgment declaring the said ordinance invalid, prohibiting respondent from enforcing such ordinance and collecting permit fees thereunder, and directing that the respondent remit the fee previously paid by the petitioners to respondent.
The respondent will not sustain a hardship because of the decision herein. Pursuant to the Town Law, and the County Government Law, the Town of Hempstead is authorized and empowered to enforce its zoning ordinances in villages located in such towns which were incorporated on and after January I, 1938. The respondent is such a village.
Moreover, the Town of Hempstead has enacted a similar ordinance to the ordinance declared invalid herein. (Town of Hempstead, Building Zone Ordinance, art 10-A, §§ 1.0-4.0.)