Bertram Harnett J.
The Village of Atlantic Beach has no "zoning” powers. But, it does have an ordinance regulating signs. A bank erects a sign in violation of the ordinance, and gets five village summonses for its labors. The bank then brings this action for a declaration of its rights, to enjoin enforcement of the ordinance, and to compel dismissal of criminal prosecution for its breach.
On its present motion, the bank (Century Federal Savings and Loan Association of Long Island) seeks to enjoin enforcement and prosecution pending trial on its main complaint. *864 The village’s cross motion seeks to dismiss the complaint entirely.
At issue is Atlantic Beach’s power to regulate signs even without general zoning powers. The bank disputes the validity of its Ordinance No. 21, ostensibly regulating signs.
Prior to 1962, Atlantic Beach was an unincorporated part of the Town of Hempstead, and the town provided the local government and laws. Upon incorporating, the Village of Atlantic Beach did not acquire all the powers normally conferred on an incorporated village. Pursuant to sections 1606 and 1607 of the Nassau County Charter (L 1936, ch 879), the town retained as against future villages the exclusive "powers with regard to the regulation and restriction of the height, number of stories and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts and other open spaces, the density of population, and the location and use of buildings, structures and land for trade, industry, residence or other purposes.” (See, Incorporated Vil. of Atlantic Beach v Town of Hempstead, 27 AD2d 556, affd 19 NY2d 929.)
The power retained by the town under the county charter is essentially identical to section 7-700 of the Village Law, the section which grants zoning powers to the villages. This identical language was used as early as 1923 in conferring zoning powers on the villages. (Former Village Law, § 175, L 1923, ch 564.)
The court is drawn ineluctably to the conclusion that what is denied Atlantic Beach is so much of the zoning power as is now generally conferred by section 7-700 of the Village Law.
But, is a village sign ordinance, like No. 21, necessarily derived only from the zoning power of section 7-700 of the Village Law, or may there be some other source?
Prior to 1973, and in particular 1936 when the county charter was drawn, the Village Law specifically gave villages certain powers to regulate signs quite apart from the zoning power of section 175. Subdivision 47 of section 89 of the Village Law provided: "The board of trustees of a village * * * May regulate and control the erection, construction and use in, upon and near streets and other public places of billboards and other advertising media.”
In 1972, the Legislature eliminated all the specific delegations of power contained in section 89, including the above, *865 replacing them with a general grant of power to protect the health, safety and welfare of citizens. (Village Law, § 4-412.) But, the Legislature tells us this change was not meant to limit the powers of a village, but to expand them. (L 1972, ch 892, § 57.)
It would appear then that "sign” jurisdiction is co-ordinate. Signs are traditionally and properly included within definitions of zoning capacity. (See Koffman v Town of Vestal, 18 NY2d 855, affg 23 AD2d 199; article 10 of Building Zone Ordinance of Town of Hempstead; article XVIII of Code of Town of North Hempstead; division 2 of Building Zone Ordinance of Town of Oyster Bay.)
But, nothing in its founding statutory scheme, or any subset quent enactment, strips Atlantic Beach of residual sovereign powers relating to health, safety or welfare of its inhabitants. (Garnett v Incorporated Vil. of Atlantic Beach, 84 Misc 2d 460.)
While Atlantic Beach cannot zone as contemplated by section 7-700 of the Village Law, it can regulate signs, at least within the scope of subdivision 47 of section 89 of the old Village Law. There is a "health, safety and welfare” dimension to regulation of signs near streets and public places.
Classically, zoning laws have to do with area, sizes, placements, distances, and with uses of land. Yet, beyond dispute, a village with even minimal police powers can regulate the use of land without "zoning” power. It can prevent the burning of leaves on land, the emission from it of noxious odors, and the maintenance of noise at nuisance content levels. While hard to define, there is plainly a regulatory area going beyond real estate notions of land use. Where the use of the land results in dangerous traffic distraction, excessive or burdensome illumination, obstruction of the light and air of others, and countless other conceivable examples, land use becomes a matter of sovereign concern quite apart from classic zoning conception.
Koffman v Town of Vestal (23 AD2d 199, 200, supra), reminds us of the strong presumption of constitutionality of municipal ordinances. The bank here has staked its whole claim on the denial of zoning power to Atlantic Beach. But, as we now see, article 7 of the Village Law book is not the whole text where the law of sign regulation is concerned. There is another section permitting reasonable sign exercises by Atlantic Beach.
*866 We do not have before us any facts or circumstances compelling the conclusion of invalidity of Ordinance No. 21 in its instant applications. We declare that there is power in Atlantic Beach to regulate signs, at least in some reasonable way, under section 4-412 of the Village Law. The Nassau County Charter does not withhold this power from Atlantic Beach.
Accordingly, the bank’s request for preliminary injunction is denied, and the bank’s complaint is dismissed without prejudice to renewal of its attack on the application of Ordinance No. 21 by proper evidentiary showing.