OPINION OF THE COURT
Alvin R. Ruskin, J.
In these consolidated CPLR article 78 proceedings, petitioners seek (1) to declare invalid and unconstitutional a 1967 law enacted by the respondent Town of Ramapo known as “Town of Ramapo Local No. 3 — 1967 Chapter 45”, and also known as the “Village Incorporation Law of the Town of Ramapo” (hereinafter referred to as the local law); and (2) to reverse and annul a decision made by respondent Supervisor of the Town of Ramapo which found petitioners’ petition seeking incorporation under the name of Village of Wesley Hills to be defective, legally insufficient, and not in compliance with said local law and article 2 of the Village Law.
In 1972, by section 3 of chapter 892 of the Laws of *72 1972, the State Legislature repealed the then existing Village Law and all amendments thereto, and enacted a new village law effective September 1, 1973. In article 2 of this new law, the Legislature created comprehensive and detailed machinery and requisites dealing with the procedures required for the incorporation of villages throughout the State. For example, it requires, inter alla, (1) that a territory containing a population of at least 500 persons, who are regular inhabitants thereof, may be incorporated as a village provided such territory does not include a part of a city or village; and (2) that the territory does not contain more than five square miles (Village Law, § 2-200). The statute further provides that a proceeding for the incorporation of such territory may be commenced with a petition by, inter alla, a group of persons constituting at least 20% of the residents of such territory qualified to vote for town officers in a town in which all or part of such territory is located (Village Law, § 2-202).
The statute then goes on to delineate the contents of the petition and the machinery for the holding of a hearing thereon by the supervisor, the purpose of which “is to consider the legal sufficiency of the petition” and the objections to such legal sufficiency of the petition (emphasis supplied; Village Law, § 2-204).
Prior thereto and in 1967, the Town of Ramapo enacted its own local law now under attack, which also deals with the question of incorporation of villages within the town. However, this local law, while at first it follows the language of said section 2-202 (then referred to as § 3-302) dealing with the legal sufficiency of the petition, contains an additional requirement — not contained in the statute —which reads as follows: “B. It [petition] shall further contain allegations that the proposed incorporation is in the overall public interest (1) of the territory proposed to be incorporated; (2) of the remaining area of the local government in which such-territory is located; and (3) of any school district, fire district or other district corporation, fire protection district or town improvement district, situated wholly or partly in the territory to be incorporated” (emphasis supplied).
*73 In addition to the afore-mentioned, the use of the additional requirement of “overall public interest” is also carried throughout in the several other sections of the local law. In sum, then, the local law empowers the supervisor not only to pass upon the legal sufficiency of the petition, but also upon the question of whether or not the proposed incorporation is or is not in the “overall public interest” of the town. Also, under the local law it is the supervisor’s decision and report to the town board which, in the final analysis, becomes the subject of a CPLR article 78 proceeding in the event of a challenge thereto. It is this additional requirement and burden placed upon the instant proposed incorporators which essentially is the real and vital issue involved in these controversies.
Briefly, it is petitioners’ contention that the State has pre-empted the field dealing with the incorporation of villages in the State of New York by virtue of article 2 of the Village Law; that article 2 is a general law which applies to all villages in the State; and that the Constitution of the State of New York (art IX, § 2, subd [c], par [ii]) forbids a local government from adopting local laws which are inconsistent with the provisions of a general law. Thus, petitioners maintain that the said addition in the local law of the more stringent requirement that the proposed incorporation be in the “overall public interest” of the town which in the end becomes a decision to be made by the supervisor, is inconsistent with the provisions of article 2 of the Village Law, and consequently is unconstitutional.
Respondents, on the other hand, take the position that the petition seeking incorporation is indeed defective, legally insufficient, and fails to comply with the requirements of article 2 of the Village Law, and consequently, the court need not reach the question of the constitutionality of the local law; that the enactment of the local law constituted a proper exercise of the town’s authority by virtue of section 2 (subd [c], par [ii]) of article IX of the Constitution since there is no inconsistency, and by virtue of section 10 of the Municipal Home Rule Law; and that a town may literally repeal a provision of the town law by virtue of the provisions of section 10 (subd 1, par *74 [ii], cl d, subcl [3]) of the Municipal Home Rule Law, unless the Legislature shall have specifically prohibited the same.
After a careful consideration of all the submissions in these proceedings, the court is of the view and finds that the town’s said Local Law No. 3-1967 (ch 45), in its present form, is invalid and is inconsistent with those pertinent provisions of article 2 of the Village Law of the State of New York and cannot stand. The court finds that not only has the State pre-empted the field with respect to annexation proceedings (General Municipal Law, art 17) — a fact conceded by respondents — but that the State has also— contrary to respondents’ contention — pre-empted the field dealing with the incorporation of villages throughout the State.
To begin with, the court finds that the village law, by its terms, applies to all villages of the State “heretofore or hereafter incorporated” (Village Law, §1-102). Its constitutional purpose was “to provide a uniform charter for all such villages” (Matter of Cutler v Herman, 3 NY2d 334, 339). Thus, by its terms and in its effect, the village law is a “general law” as defined in subdivision (d) of section 3 of article IX of the New York Constitution and subdivision 5 of section 2 of the Municipal Home Rule Law (Rozler v Franger, 61 AD2d 46, affd 46 NY2d 760). Moreover, section 17 of article III of the Constitution forbids the Legislature from passing any private or local bill in the case of “Incorporating villages”.
The conclusion is inescapable, and the court so finds, that the local law now under attack is inconsistent with the provisions of article 2 of the Village Law. Under the provisions of said general State law, the supervisor merely performs the ministerial function of determining whether the petition for incorporation complies with the statute and is legally sufficient, and is confined in the performance of that function, to a consideration of the objections directed thereto (cf. Matter of Wright v Ransom, 307 NY 317; Matter of Cutler v Herman, 2 AD2d 782, affd 3 NY2d 334, supra). As the matter now stands, however, under the local law not only has the supervisor the power to perform the *75 ministerial function of merely passing upon the legal sufficiency of the petition, but also now possesses the all-important discretionary power to make a decision and report to the town board as to whether or not, in his opinion, the proposed village incorporation is or is not in the “overall public interest of the town”. A similar decision concerning “overall public interest” is found in the General Municipal Law when dealing with annexation proceedings in the event of a dispute, but in such instance the Legislature is only willing to entrust such a far-reaching decision and subject of a report to the discretion of three Justices of the Supreme Court (General Municipal Law, § 712, subd 6). Ultimately, it becomes an adjudication and determination by the Appellate Division as to “over-all public interest” (General Municipal Law, § 712, subd 10). Here, the local law as enacted entrusts such far-reaching decision in the event of a dispute to one person — the supervisor.
Generally, passage of local laws which are inconsistent with general State laws is forbidden by section 2 (subd [c], par [ii]) of article IX of the New York Constitution which provides that “every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law” (emphasis supplied). Such prohibition is also found in section 10 (subd 1, par [i]) of the Municipal Home Rule Law which provides that “every local government shall have power to adopt and amend local laws not inconsistent with * * * any general law relating to its property, affairs or government” (emphasis supplied). The cases supporting this proposition of constitutional law are legion and they need not be set forth herein at length, since respondents are fully aware and recognize the importance and significance of these provisions in the Constitution as well as in the Municipal Home Rule Law.
While respondents recognize the afore-mentioned principle of constitutional law, they do, nevertheless, point to the rather recent amendment to the Municipal Home Rule Law (§ 10, subd 1, par [ii], cl d, subcl [3]) wherein, they argue, the Legislature authorized each town in the State to amend or supersede provisions of the Town Law “unless *76 the legislature expressly shall have prohibited the adoption of such a local law”. The difficulty with this argument, however, is that such amendment was enacted by virtue of chapter 365 of the Laws of 1976 and became effective on June 15, 1976, whereas chapter 45 of Local Law No. 3-1967, which is the subject of these proceedings, was enacted by the respondent Town of Eamapo in 1967 — long before the enactment of the said legislative amendment and at a time when such right of supersession did not exist— and there is nothing contained in said amendment to indicate that it was ever the intention of the Legislature that it was to have any retroactive effect.
The court does not agree with respondents’ contention that the local law is entirely consistent with and is merely supplemental to the provisions of article 2 of the Village Law. It is much more than that. It is clearly and palpably incompatible and inharmonious with the provisions of article 2 of the Village Law — a general law of the State. While it is true, as former Chief Judge Fuld points out in Robin v Incorporated Vil. of Hempstead (30 NY2d 347, 351), that in some instances local health regulations may be enacted by a municipality in spite of general State regulations, there must exist a real distinction between the municipality and other parts of the State. Such is not the case here. Here, there are no “special circumstances” concerning the incorporation of villages in the Town of Eamapo, as opposed to the rest of the State, which warrant the enactment of the local law which in effect entrusts the decision of whether or not the proposed village incorporation is or is not in “the overall public interest of the Town” to the discretion of the supervisor, albeit the town board ultimately makes the determination based upon the supervisor’s report and thereupon authorizes the supervisor to make and file a decision (§ 45-6) which may later on be subject to judicial review in a CPLE article 78 proceeding (§ 45-8).
Turning to the question of the intention of the Legislature, it is most significant to note that in the 1977-1978 Eegular Session of the Legislature it had before it a bill (S-3944-A; A-5225-A) wherein, inter alla, it was proposed to amend article 2 of the Village Law in relation to in *77 corporation of villages (1) by deleting the word “legal” throughout article 2 insofar as it referred to “sufficiency of the petition”, and (2) adding a required allegation in the petition to the effect that the proposed incorporation is “m the overall public interest of the residents of the proposed village and of the other residents of the town or towns” (emphasis supplied), and that when the supervisor hears the objections to the petition, one of his functions will be to determine that the proposed incorporation would or would not be in such “overall public interest of the residents of the proposed village and of the town or towns”. This is the precise objection leveled against the local law enacted by the respondent town in 1967 which is the subject of these proceedings. This bill did not become law. Thus, although the Legislature was aware of the said amendment to the Municipal Home Rule Law (§ 10, subd 1, par [ii], cl d, subcl [3]), so heavily relied upon by respondents, nevertheless, the bill did not become law and the conclusion is inescapable that implicit in such rejection is an expression of intention on the part of the Legislature that it was not prepared or willing to amend article 2 of the Village Law to the extent of adding a paragraph to the effect that the petition of incorporation contain factual allegations that the proposed incorporation be “in the overall public interest” and that the supervisor would have the power to make a determination and decision as to whether or not such proposed incorporation would or would not be “in the overall public interest”.
The court has considered the argument advanced by respondents to the effect (1) that it indulge in the presumption and assume that th¡e town board, back in 1967, did investigate and find sufficient facts to support the local law based upon the town’s alleged suffering by the newly created Villages of New Square and Pomona; and (2) that such presumption of constitutionality must be overcome by petitioners beyond a reasonable doubt. However, in the light of the afore-mentioned, the court finds that petitioners have sustained their burden beyond a reasonable doubt insofar as the validity and constitutionality of the subject local law is concerned, and that petitioners have rebutted said presumption.
*78 While the court recognizes that there may be some merit to the contentions of the town concerning its problems dealing with the growth of the town and its hopes and aspirations for the future as set forth in chapter 45-2 (A, B, C and D) of the Local Law, all that this court now decides is that the town lacked the power to enact chapter 45 of Local Law No. 3-1967, and that said law is therefore unconstitutional.
Turning to the CPLR article 78 proceeding in which petitioners seek to review and annul the decision of the supervisor wherein he found that the instant petition was defective and “legally insufficient” and did not comply with the provisions of section 2-202 of the Village Law, the court finds from all the submissions and exhibits that such decision is unsupported by the record and the facts, and is therefore illegal, based on insufficient evidence, and contrary to the weight of evidence. It is a familiar rule that a CPLR article 78 proceeding partakes of a motion for summary judgment, and consequently in opposing same it is incumbent upon respondents here to come forward with evidentiary proof sufficient to warrant the court in finding as a matter of law that the application should be denied or that there are triable issues of fact which require a trial.
In passing upon the legal sufficiency of the petition, which was the supervisor’s ministerial duty, he apparently found in considering and sustaining the objections filed thereto, that it was not signed by 20% of the residents of the territory sought to be incorporated who were qualified to vote for town officers in a town because the petition states that these 20 % of the residents are also owners of real property in the territory. The court finds that this objection is without merit. Not only does such language follow the provisions of section 2-206 (subd 1, par [b]) of the Village Law— which in a sense may be said to be inconsistent with the provisions of section 2-202 (subd 1, par a, cl [1]) — nevertheless, in any event, there is no dispute about the fact that the petition does in fact contain the valid signatures of at least 20 % of the residents of the territory qualified to vote for town officers in a town in which all or part of such territory is located.
*79 The second objection apparently sustained by the supervisor is that there is no provision in article 2 of the Village Law which calls for affidavits of anyone certifying the number and qualifications of the signers of the petition, and that in any event, the certification was not made until after the petition was dated and signed. Here, too, the court finds that such objection is without merit. There is nothing in article 2 which forbids or precludes the inclusion of such affidavits. What is important is whether the petition was signed by at least 20% of the residents of the territory sought to be incorporated, qualified to vote for town officers in a town in which all or part of such territory is located. To repeat — here there is no dispute about the number and qualifications of the persons who actually signed the subject petition for incorporation, and consequently, such objection is untenable. Moreover, the court finds that there is nothing misleading about the petition, and respondents have failed to make any factual showing by evidentiary proof, or otherwise, that any one of the signers of the petition was misled or deceived by the fact that there was a representation made in the petition that it was “made and signed by us, being-more than (20%) of the resident owners of real property in the territory proposed to be incorporated, qualified to vote as residents thereof for officers of the Town of Ramapo”.
Finally, the supervisor’s finding that the petition is defective because it includes town-owned property is likewise without merit. Section 2-200 of the Village Law as well as section 2-206 (subd 1, par d) only exclude from the territory proposed to be incorporated “a part of a city or village”. They do not exclude town-owned property. Thus, on the whole, the court finds that on the record the objector-respondent Bring has failed to sustain his burden of proof insofar as the objections to the petition are concerned dealing with the legal sufficiency thereof (§ 2-206, subd 3).
In sum, then, and in accordance with the afore-mentioned, this court finds (1) that the application in the proceeding bearing Index No. 8227-1979 is granted in the exercise of discretion to the extent that petitioners are entitled to a judgment declaring Town of Ramapo Local Law No. 3-1967, *80 chapter 45, known as the Village Incorporation Law of the Town of Ramapo, invalid and unconstitutional; and (2) that the application bearing Index No. 203-1980 is granted in the exercise of discretion to the extent of sustaining the petition and annulling the December 26, 1979 decision and determination of the respondent supervisor Baron, which found that the petition for incorporation of the Village of Wesley Hills is defective and legally insufficient.