STEPHEN R. MAHLER et al., Appellants, v THOMAS S. GULOTTA et al., Respondents. [747 NYS2d 562]

On or around May 15, 2000, the Nassau County Legislature passed a local law to amend Nassau County Charter § 1607, which, in effect, would grant zoning powers to the Incorporated Village of Atlantic Beach. Nassau County Charter § 1607 currently provides that, for villages incorporated after the effective date of the Charter, zoning powers will remain vested in the town in which the village is located. The Village of Atlantic Beach, which was incorporated in 1963, is the only village in the State of New York that lacks zoning power.

The County Executive at the time, Thomas Gulotta, vetoed the legislation and requested an opinion from the Attorney General regarding the proposed amendment. The Attorney General ultimately issued an informal opinion expressing the view that the amendment was permissible. In accordance with the Attorney General's opinion, the Nassau County Legislature again passed the local law on August 28, 2000. However,

Gulotta vetoed the law, relying on an opinion from the then Nassau County Attorney which was contrary to the opinion of the Attorney General.

A new County Executive and a new County Attorney have since taken office in Nassau County, and the Nassau County Legislature once again passed a law to amend the Nassau County Charter. The new County Attorney rescinded her predecessor's opinion on which the prior veto rested and has adopted an opinion that the Nassau County Legislature has the power to amend the charter to bestow zoning power on the Incorporated Village of Atlantic Beach. The new County Executive approved this third local law to amend section 1607 of the charter.

Meanwhile, the plaintiffs had commenced this action against the former County Executive, the County of Nassau, and the Town of Hempstead seeking a declaration that the Nassau County Legislature has the authority to pass a local law amending Nassau County Charter § 1607. Thereafter, the plaintiffs moved for summary judgment. The Supreme Court, finding that such an amendment was prohibited by Nassau County Charter § 154 (8) as well as article IX, § 2 (d) of the New York Constitution, denied the plaintiffs' motion, searched the record, and declared that the Nassau County Legislature did not have the authority to enact an amendment to Nassau County Charter § 1607 to, in effect, grant zoning powers to the Incorporated Village of Atlantic Beach. The plaintiffs appeal, the County of Nassau now supports the appeal, and only the Town of Hempstead opposes the appeal. The parties have stipulated that the resolution of the appeal will apply to the third local law that will be submitted to a referendum on Election Day 2002. We reverse and add our approval to the validity of this amendment to the Nassau County Charter.

The informal opinion of the Attorney General in one alternative aspect of his analysis stated his view that the Nassau County Charter was not a state law but was merely adopted pursuant to a state law, chapter 879 of the Laws of 1936. While there is support for the contrary argument propounded by the Town of Hempstead that the Nassau County Charter remains a state law (*see* Municipal Home Rule Law § 33 [1] [authorizing amendment of a charter by "a county which has * * * adopted a charter enacted by the legislature"]; *Matter of Torre v County of Nassau,* 86 NY2d 421, 424; *Matter of Korn v Gulotta,* 72 NY2d 363, 373; *Matter of Burke v Krug,* 161 Misc 687, 695, *affd* 272 NY 575; Memo of Nathaniel Sobel, Counsel to the Governor, Bill Jacket, L 1937, ch 618 ["this bill amends

the Nassau County Charter adopted by the Legislature last year"]), it is unnecessary for us to resolve this controversy in order to decide this appeal. We analyze this appeal with the assumption, arguendo, that the Nassau County Legislature has attempted to amend a state law.

The Supreme Court viewed the attempted amendment to Nassau County Charter § 1607 as a violation of section 154 (8) of the Charter. The Charter provides, in pertinent part:

"Notwithstanding any provision of this chapter, the county legislature of the county shall not be deemed authorized by this article to adopt a local law, which supersedes a state statute now in force or hereafter enacted by the legislature, if such local law:

"Applies to or affects any provision of law relating to the property, affairs or government of any village within the territory of such county."

The amendment would, in effect, transfer the zoning power within the Incorporated Village of Atlantic Beach from the Town of Hempstead to the Village. Therefore, read expansively, Charter § 154 (8) would not authorize the amendment because the amendment would apply to or affect the preexisting provision of law relating to the governance of zoning of the Incorporated Village of Atlantic Beach (*see Incorporated Vil. of Atl. Beach v Town of Hempstead,* 27 AD2d 556, *affd* 19 NY2d 929). According to section 154 (8), then, such an amendment by local law is not "deemed authorized" by the Nassau County Charter.

We agree with the informal opinion of the Attorney General that the Nassau County Legislature was not invoking the authority of the Charter to amend section 1607 but, rather, was acting under the authority of article IX, § 1 (h) (1) of the New York Constitution and of the later state enactment, Municipal Home Rule Law article 4. The Supreme Court rejected this aspect of the opinion finding that article IX, § 2 (d) of the New York Constitution would interdict this particular Charter amendment. Section 2 (d) prescribes: "Except in the case of a transfer of functions under an alternative form of county government, a local government shall not have power to adopt local laws which impair the powers of any other local government." It goes without saying that any transfer of the zoning functions from the Town of Hempstead to the Incorporated Village of Atlantic Beach will impair the powers of the Town of Hempstead. But this is no reason to invalidate the transfer. To rest on the impairment language overlooks the lead-in clause "Except in the case of a transfer of functions." It

is axiomatic in construing laws that meaning be given to every part, and that a clause of exception excludes its subject matter absolutely (*see* McKinney's Cons Laws of NY, Book 1, Statutes §§ 98, 211).

Lastly, the respondent Town of Hempstead relies inappropriately on Municipal Home Rule Law § 11 (2) (b). This would prevent the Nassau County Legislature from adopting a local law that it is otherwise authorized to adopt pursuant to the Municipal Home Rule Law if the Nassau County Charter prohibits its adoption. The reliance of the Town of Hempstead on this provision is misplaced. It is accurate to observe, in agreement with the opinion of the Attorney General, that the local legislation at issue in the case at bar was adopted subject to referendum pursuant to the authority of article IX, § 1 (h) (1) of the New York Constitution as implemented by Municipal Home Rule Law § 33 (7) (b). The Nassau County Charter itself does not, in section 154 (8), duplicate such authority, but arguably withholds such authority from the Nassau County Legislature to accomplish a transfer of the zoning power. This withholding is not the same as a charter "prohibition" within the meaning of Municipal Home Rule Law § 11 (2) (b).

Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment and entered a declaration as they requested. Altman, J.P., Krausman and Crane, JJ., concur.

Schmidt, J., dissents and votes to affirm the order and judgment with the following memorandum: I respectfully dissent. I find adoption of the proposed local law to be prohibited by Nassau County Charter § 154 (8) and Municipal Home Rule Law § 11 (2) (b) and would therefore affirm the order and judgment declaring that the Nassau County Legislature does not have the authority to amend by local law Nassau°County Charter § 1607.

I agree with the Supreme Court that the legislative action at issue is not a mere transfer of functions but rather constitutes an invalid impairment of the zoning powers of the Town of Hempstead and as such violates Nassau County Charter § 154 (8). The majority, while conceding that section 154 (8) prohibits the proposed local law, has found that the County Legislature was not acting under the charter but rather pursuant to other powers authorized by article IX, § 1 (h) (1) of the New York Constitution and the Municipal Home Rule Law. They further find that the Supreme Court erred because section 2 (d) of that article has no application to what they view

as a transfer of functions between municipal entities. However, the Supreme Court further concluded that section 1 (h) (1) could not be read as authorization for the subject amendment since it expressly conditions such local action upon a grant of authority by state law. Section 1 (h) (1) states that "Counties * * * shall be empowered by general law, or by special law enacted upon county requests pursuant to section two of this article, to adopt, amend or repeal alternative forms of county government provided by the legislature."

In my view, the Supreme Court properly determined that, under the circumstances presented, this constitutional provision does not authorize the proposed amendment by local law in the absence of state legislation. Indeed, the county has in the past adopted comparable amendments to the charter following the enactment of special state legislation (see e.g. L 1990, ch 902).

The stated authority for this action by local law is article IX of the New York Constitution as implemented by Municipal Home Rule Law §§ 33 (1), (2) and (7) (b). However, section 11 (2) (b) of that statute specifically provides that "[n]othwithstanding any provision of this chapter, the legislative body of a county, city or village shall not be authorized by this chapter to adopt any local law which * * * the legislative body is by provision of the charter prohibited to adopt." There can be no dispute that Nassau County Charter § 154 (8) prohibits the Nassau County Legislature from adopting a local law amending the existing zoning provisions as they relate to the Incorporated Village of Atlantic Beach. Such a law "[a]pplies to or affects" the affairs of a village within the territory of the county. Accordingly, adoption of the proposed local law is proscribed by the express language of Municipal Home Rule Law § 11 (2) (b). I find no rationale to support the finding that application of section 11 (2) (b) of the Municipal Home Rule Law is limited in this°case by the drawing of a mannered distinction between the withholding of authority by section 154 (8) of the charter and the lack of authorization where the local legislative body is "prohibited" from acting by its charter under section 11 (2) (b). Courts should construe a legislative enactment according to its natural and obvious sense and not rely upon an artificial or forced construction (see McKinney's Cons Laws of NY, Book 1, Statutes § 94), and do so in a manner which gives effect to and does not frustrate the legislative intent (see McKinney's Cons Laws of NY, Book 1, Statutes § 96). The charter provision is clear and unambiguous in its purpose and the only rational interpretation is a prohibition against the adoption of the subject amendment.

Accordingly, I would affirm the order and judgment of the Supreme Court.